POWELL *et ux. v.* ACHEY

LUMPKIN, J.—Where the evidence was conflicting, and no abuse of discretion by the judge below in granting an injunction and appointing a receiver appears, this court will not disturb his judgment.          *Judgment affirmed.*

March 16, 1891. Argued at the last term.

Injunction and receiver. Before Judge FORT. Schley county. At chambers, December 4, 1890.

On January 28, 1884, the plaintiff, Miss Achey, made a loan to Thomas Powell for five years, with interest at eight per cent., payable annually, taking his note which waived homestead and stipulated that upon failure to pay interest for thirty days after it became due, the principal should become due and be collected at once, time being of the essence of the contract. She also took his deed to secure the loan, conveying 303¾ acres of land, and gave her bond to reconvey on payment of the money loaned. Default in the payment of interest having been made, she brought suit and recovered a judgment against him at the October term, 1889, for $1,437 principal, $120 interest, and $156.40 attorneys' fees. He excepted to this judgment and to rulings of the judge on the trial, and brought the case to this court where it was dismissed, at the March term, 1890, because the bill of exceptions was not served and filed within the time prescribed by law.

On December 29, 1885, Thomas Powell applied to the ordinary and had set apart to himself as the head of a family consisting of his wife, Ann, and their children, a homestead in 168 acres of the land conveyed by his deed to the plaintiff, the ordinary's approval being dated January 28, 1886. Six months afterwards, Thomas Powell made to Ann Powell a deed to the portion of the land not covered by the homestead, in consideration of Ann Powell's agreement to pay off all the lawful and just claims of the plaintiff against Thomas Powell.

On August 5, 1890, an execution from the plaintiff's judgment having been levied on the whole 303¾ acres, Thomas Powell interposed, *in forma pauperis*, his claim to the same as the property of himself and his wife and children under the homestead.

On October 22, 1890, the plaintiff presented her petition for injunction and receiver, alleging that Thomas Powell has cultivated said land since 1884, and has not paid one cent of the principal due plaintiff; that his pretended defence to her suit and his claim were only to stay in possession of the land and cultivate it; that he is wearing it out, and it is becoming poorer each year and will not now pay off the amount due on the execution, this amount aggregating about $1,800, and the land not being worth more than $1,200 or $1,500; that he and the estate he represents are totally insolvent; that he is and has been cutting and hauling off from the land dead and live wood and selling it, thereby decreasing the value of the land and permanently injuring it; that plaintiff made and had filed and recorded in the office of the clerk of the superior court, her deed to Thomas Powell, before the levy was made on the land, only that she might bring it to sale, the equitable title to it being now and having always been in her; that he is only defending and claiming said land so as to keep possession and run down its value; that she is advised and believes that as soon as this claim case has been disposed of, Ann Powell will interpose a claim under the deed given to her by her husband; and that they are colluding to hinder and delay the execution and to defraud plaintiff of her money and keep possession of the land.

Thomas and Ann Powell filed their answer and cross-petition, setting up the defences which were made to the suit which resulted in the plaintiff's judgment, and alleging that the bill of exceptions taken from that judgment was actually certified by the presiding judge within the time required by law, and by no laches on the part of Powell or his attorney, but on account of misfeasance of the presiding judge, the same was not filed until after the time required by law; and that if

this had affirmatively appeared from the record in the Supreme Court, the writ of error would not have been dismissed, and in equity and good conscience Powell is entitled to a rehearing. They deny any collusion, and deny the allegations of the petition as to the destruction of timber, but admit that Powell has hauled a few loads of wood from land which he has cleared and put in cultivation. He represents that he is willing and ready to pay the plaintiff her principal and lawful interest on the money obtained from her by him; that he borrowed said money, but upon the day set apart by her agents for him to receive it, her agent represented to him that certain debts to secure which a mortgage was on his land, must be paid off; that the agent of plaintiff acted as attorney for the various creditors of Powell, as well as agent, and made him pay, without his knowledge of the fact, certain debts upon which he charged Powell attorney's fees without the consent or knowledge of Powell; that there was collusion between the plaintiff and her agents to defraud Powell of his just rights and to retain of the money supposed to be loaned him enough, counting usurious debts paid off by them, to leave him only $50, when there should have been paid him, after all his lawful indebtedness had been paid by plaintiff as she claimed the right to do, the sum of $600, instead of which only $50 was paid him; that the agents of plaintiff represented to him that they were acting for him, but they charged him for services rendered first as attorney and also as his agent, all the time looking alone to the interest of the plaintiff, for whom they were the true agents; that while they took an agreement from him to allow them to act as agent for him, they were in fact the agents of plaintiff, and this collusion between plaintiff and her agent was only to defraud Powell and evade the usury laws of Georgia; and that while the plaintiff's note

was delivered in Atlanta, she in fact lives without the State.

On the hearing, affidavits were introduced by both sides, those for the plaintiff showing that the whole 303¾ acres of land and the buildings thereon are not worth more than $1,200 or $1,500, and that Thomas Powell has hauled a great deal of both dead and live wood from the land since 1884 and sold the same. Those for the defendants showed that the land was reasonably worth $3,000 in 1884, and since then has not deteriorated in value in the least, but has rather increased, and is becoming richer every year; and that the wood Powell has hauled off has not decreased the value in the least. The judge ordered that the injunction prayed for be granted until the trial or further order of the court, and that J. F. Woods be appointed receiver to take charge of the lands and rent them for 1891 upon such terms and in such manner as in his discretion will best promote the interest of the parties, report his acts to the next superior court, and in due time collect and hold the rents subject to the further order and judgment of the court. The defendants excepted.

HINTON & CUTTS and J. R. WILLIAMS, for plaintiffs in error.

P. L. MYNATT and C. R. McCRORY, *contra*