RAY *et al. v.* ANDERSON, administrator.

The petition was subject to a general demurrer, which should have been sustained.

Submitted March 3,—Decided May 16, 1906,

Equitable petition. Before Judge Pendleton. Fulton superior court. May 11, 1905.

On April 25, 1890, Mrs. Emma C. Pease sold to Lavender R. Ray a tract of land in Fulton county, Ga., for the sum of $15,000, he paying $3,000 of the purchase-price in cash and giving four promissory notes covering the balance, each for a like amount and due, respectively, one, two, three, and four years after that date. She on the same day executed and delivered to him her bond for title. On maturity of the first note he paid it, and also paid the accrued interest on those outstanding. He made default when the second note fell due, and she placed it in the hands of her attorneys for collection. On December 13, 1892, Ray instituted an equitable proceeding against Mrs. Pease, her attorneys, and others, seeking to enjoin the collection of the purchase-money notes, etc., on the ground that she did not have a good title to the land sold to him. The injunction prayed for was denied, and Mrs. Pease instituted suit on the past-due note. Later she brought suit on the note maturing April 25, 1893. To both of these suits Ray set up a defense. A few days before they came on for trial under an agreement setting the time for their hearing, Ray dismissed the equitable proceeding above referred to and instituted another against the same parties, upon practically the same allegations of fact and praying for substantially the same relief theretofore sought. The injunction asked for was denied, he carried the case to the Supreme Court for review, and the judgment of the lower court was affirmed. *Ray v. Pease,* 95 *Ga.* 153. Subsequently the pending suits on the purchase-money notes, which were brought by Mrs. Pease in the city court of Atlanta, were consolidated and pressed to trial, the result being a verdict in favor of the plaintiff. Ray duly excepted to the judgment rendered against him, but it was affirmed by the Supreme Court. *Ray v. Pease,* 97 *Ga.* 618. Before the maturity of the note which fell due on April 25, 1894, Ray removed from Fulton county to the county of Douglas, and the attorneys who had been employed to represent Mrs. Pease in the

previous litigation brought suit on that note in her name on April 15, 1895, in the superior court of Douglas county. Some time during the fall of that year, these attorneys received information that Mrs. Pease had died, but they were given the impression that her death had occurred in the spring or summer of 1895. She was a resident of the State of Illinois, and they had previously had no personal correspondence with her, the correspondence regarding her affairs having been had between them and her husband, P. P. Pease, who acted as her agent. Being unfamiliar with the forms of law, he had not deemed it necessary to advise her attorneys in Georgia of the death of his wife, and they had no notice thereof until the fall of 1895, when he made casual mention of her death in such a way as to lead them to believe that she had died during the early part of that year. In point of fact her death occurred during the previous year. Acting under the erroneous impression so received, that the death of their client had taken place after the rendition of judgment in the two suits brought in the city court of Atlanta and the filing of the suit in Douglas superior court, counsel for Mrs. Pease proceeded to have proper parties made to the pending suits, two of which were then before the Supreme Court; and being advised that P. P. Pease had been appointed administrator of her estate in Illinois, they caused him to be made a party in her stead in each of the suits then pending. The defendant, Ray, consented to waive the filing of an exemplification showing the appointment and qualification of P. P. Pease as administrator, both as to the case in Douglas superior court and as to those pending in the Supreme Court; and because of this fact counsel did not call upon P. P. Pease to furnish them with such an exemplification or in any other manner discover the date of his appointment as administrator. On February 18, 1896, after the decision of the Supreme Court affirming the judgment rendered in the two suits brought in the city court of Atlanta, Ray entered into a written agreement with P. P. Pease, as administrator, whereby his defenses to the suit pending in the superior court of Douglas county were to be withdrawn and judgment entered up by consent in favor of Pease, as the administrator of Mrs. Pease, for the principal and interest due on the note sued on, together with $100 attorney's fees. The administrator agreed, on his part, that the execution issuing upon this judgment and that issued upon the judgment rendered in the

city court of Atlanta should not be levied prior to November 1, 1896. This written agreement was carried into effect at the ensuing term of Douglas superior court, when judgment on the note was entered up in favor of the administrator. On October 5 following, Clifford L. Anderson was duly appointed administrator of the estate in Georgia left by Mrs. Pease. As such administrator he executed, on November 5, 1896, a deed conveying to Ray the land sold to him, and caused the conveyance to be recorded in terms of the law, in order that the land might be levied on and sold under executions issued upon the judgments aforesaid. The executions were levied on the next day, and the land was advertised for sale, the sale to take place on the first Tuesday in December, 1896. On November 25, Mrs. S. A. Melson, a sister of Lavender R. Ray, filed a petition in the superior court of Fulton county against him, the sheriff, and Anderson, as such administrator, therein alleging, that Ray had been the administrator on the estate of one Matthew Read, and had realized from the sale of his effects the sum of $4,500, of which amount he had misappropriated the sum of $3,000 paid to Mrs. Pease when he bought the land, of which fact she had notice through A. J. West, her agent; that plaintiff had signed as surety the bond given by Ray as administrator, and judgment had been rendered against her in a suit on the bond brought by the heirs at law of Read, which judgment she would have to pay in full, as her cosurety and Ray were both insolvent; and that if the land was sold, it would not bring more than the amount of the executions levied upon it. The plaintiff claimed a first lien on the land, and prayed for an accounting, etc., and that the sale be enjoined in the meantime. Ray filed an answer in which he practically admitted all the allegations of the petition; and the administrator of Mrs. Pease assumed the burden of defending the suit. A temporary injunction was denied by the court; and when, on November 8, 1897, the case came on for a hearing on the merits, the plaintiff made no appearance, and the suit was dismissed. In the meanwhile, shortly after the denial of the injunction, the land was readvertised for sale under the executions levied on it, and Mrs. Annie F. Ray, the wife of Lavender R. Ray, interposed a claim thereto in resistance to each of the executions. When the issues thus raised came on for trial, she withdrew her claims; the sheriff again advertised the land for sale, and she renewed her

claims in statutory form, later filing equitable pleadings in aid thereof. The contention therein set up was, that when her husband paid the first purchase-money note and all accrued interest, he used for that purpose, without her knowledge or consent but with the knowledge of the agent of Mrs. Pease, funds belonging to her which had been realized from the sale of her separate property, and therefore a trust in her favor was imposed upon the land. The result of this litigation in the superior court was a judgment which was adverse to Mrs. Ray, and she sued out a bill of exceptions to the Supreme Court. The writ of error was dismissed by the Supreme Court of its own motion, because the record disclosed that both of the defendants in error, Emma C. Pease and P. P. Pease, her foreign administrator, in whose names as parties plaintiff the litigation had been conducted, were dead at the time of the trial. *Ray* v. *Pease,* 112 *Ga.* 675. In the meantime Ray had filed an affidavit of illegality to each of the executions, setting up that the judgment rendered against him in the city court of Atlanta was void, because Mrs. Pease was dead at the time of its rendition; and that the judgment obtained in Douglas superior court was void, because the suit filed therein was brought after her death. While these affidavits of illegality were pending, and after the decision of the Supreme Court just mentioned, Mrs. Ray filed, in Fulton superior court, a motion to set aside the verdict and judgment against her in the claim cases, the motion being based on the want of proper parties. The motion was denied, she excepted, and the judgment overruling the motion was reversed by the Supreme Court. *Ray* v. *Anderson,* 114 *Ga.* 975. During the summer of 1901, Ray served upon Anderson, as the administrator of Mrs. Pease, certain interrogatories to be propounded to persons residing in the city of Chicago, which had been prepared with a view to showing that she died during the summer of 1894. The administrator, perceiving that Ray was serious in setting up his contention that the judgments on the purchase-money notes were void for the reasons above stated, entered into a correspondence with parties in Chicago who were acquainted with the truth of the matter, "and ascertained for the first time, to his great surprise and intense disappoinment, that Mrs. Emma C. Pease did in fact die on or about the 24th day of July, 1894." When, thereafter, the affidavit of illegality which attacked the judgment rendered in the city court came on for a hear-

ing in April, 1902, Anderson, the administrator, conceded that the judgment was void because his intestate had died before its rendition, and it was accordingly set aside by the court. He then filed a motion in that court to be made a party plaintiff, in his representative capacity, to the two suits in which that judgment was rendered; Ray resisted the motion, but it was granted over his objections. He thereupon sued out writs of error to the Supreme Court, which were dismissed, and the judgment of the court below stood affirmed. *Ray* v. *Anderson,* 117 *Ga.* 136, 139. In March, 1903, these two suits were consolidated and tried, the jury returning a verdict in favor of the plaintiff. To the judgment in his favor exception was taken, but Ray was unsuccessful in his efforts to have it reversed. *Ray* v. *Anderson,* 119 *Ga.* 926. In the summer of 1903, Ray dismissed the affidavit of illegality which he had interposed to the levy of the execution issuing from Douglas superior court. The claim filed by Mrs. Ray in opposition to the enforcement of that execution was, however, brought to trial in Fulton superior court, and she prevailed in her contention that the judgment upon which the execution issued was void, her motion to .dismiss the levy being sustained by the court. On or about May 21, 1895, Ray conveyed to his wife the land which he held under the bond for title given to him by Mrs. Pease, his vendor. After Anderson, as administrator, obtained against Ray the judgment rendered in March, 1903, in the city court upon two of the purchase-money notes, the conveyance to Ray made for the purpose of levy and sale in November, 1896, was withdrawn, and Anderson, the administrator, executed and recorded another deed to Ray, and caused to be levied on the land not only the execution issued on that judgment, but also the execution against him issuing from the superior court of Douglas county. The administrator has not, however, caused the land to be advertised for sale.

The foregoing facts are set forth with some elaboration in an equitable petition filed by Anderson, as the administrator of Emma C. Pease, on August 13, 1904, in the superior court of Fulton County, in which petition Lavender R. Ray and his wife, Annie F. Ray, were named as defendants. Petitioner alleged, that both of the defendants were hopelessly insolvent; that Lavender R. Ray never had any meritorious defense to the proceedings instituted to collect his purchase-money notes, and that Mrs. Ray has never pre-

tended to have any title to or interest in the land sold to her husband, independently of her claim that certain moneys of hers were used by him, with the knowledge of Mrs. Pease's agent, to pay a part of the purchase-price; that a court and jury had adjudged this claim to be without merit, though by reason of a mere technicality the judgment against her had been set aside as null and void; and that her claim has now become a stale demand, inasmuch as she knew, not later than May 21, 1895, when her husband made to her a deed to the land, that he had used her money in part payment for the same. Petitioner further asserted that Mrs. Ray would have no right to claim any equitable relief save in the event the estate of Mrs. Pease was insolvent and there was no property in Georgia out of which a judgment could be collected except the land in question; and the allegation was made that the estate was perfectly solvent and there was in the city of Atlanta unincumbered property belonging to the estate, of the value of not less than fifteen thousand dollars. The defendant Lavender R. Ray was charged with having procured his sister, Mrs. S. A. Melson, to bring the suit instituted by her, with a view to delaying and harrassing petitioner, and also with having been persistently litigious, with no motive other than to hinder and delay the collection of the balance of the purchase-money which he owed; Mrs. Ray was charged with having assisted her husband in this purpose, well knowing that she had no meritorious claim against the estate of Mrs. Pease; and petitioner alleged that the defendants had threatened to take advantage of the fact that his intestate had died before the suit in her name was filed in Douglas superior court, and to continue to litigate by filing claims, illegalities, and taking other steps to hinder and delay him in the enforcement of the executions which he holds against Ray. The complaint was made that "the estate of Emma C. Pease has been seriously damaged and [has] sustained substantial losses already on account of the long delay in the collection of this money and the protracted litigation which has been brought about by these defendants, and will continue to sustain additional damages and losses if further litigation on the part of these defendants is caused." Petitioner represented that inasmuch as Ray consented to the taking of judgment against him in Douglas superior court in favor of P. P. Pease, the foreign administrator, and thereafter voluntarily dismissed the illegality attacking it, "said judgment re-

mains a good and valid judgment as against Lavender R. Ray, while as a judgment it has no binding force as against any alleged claim which [Mrs. Ray] may attempt to set up;" so that petitioner is "placed in the position that, as against any claim that she may file, he has a valid and binding judgment for only part of the indebtedness owing to his intestate by her husband, Lavender R. Ray (provided, of course, she has any right to make any such claim or to enforce the same), and that by the ordinary processes of law there would be danger of a miscarriage of justice, and it would become necessary on his part, in any event, to supplement his proceedings for levy and sale of said property by a petition to a court of equity for relief." The theory upon which the petitioner asked the relief sought was, that, "in strict equity and right, he is entitled, even as against any equity which the said Mrs. Annie F. Ray might under the circumstances be authorized to set up, to have said land subjected to the payment of both the judgments which he holds against her husband, L. R. Ray, even if she could impress upon the proceeds of said sale a lien for any sum claimed by her to be traceable in said land; and this without regard to whether the judgment rendered in Douglas superior court is valid or invalid, or even if your petitioner still held a third note unsatisfied and unpaid and upon which no suit had been brought or no judgment rendered." The special prayers of the petition were, (1) that petitioner be permitted to proceed with the sale of the land without hindrance from the defendants, "the proceeds thereof to be applied to the full satisfaction of both the judgments held by him;" (2) that the defendants be enjoined from further interfering in any manner with the sale of the property under these judgments; (3) that Mrs. Ray be enjoined from asserting by statutory claim, or by any proceeding connected with, engrafted upon, or in aid of such a claim, any demand that she may have against the estate represented by petitioner; and (4) that both of the defendants be restrained for the present from filing any claims, illegalities, or other proceedings, having for their purpose the hindrance of the enforcement of the executions levied on the land, and "from in any manner altering or deranging the status of said land or the title thereto."

The petition was met with a general demurrer, in which the defendants joined, and also by separate demurrers filed in their be-

half upon both general and special grounds. After argument thereon, the presiding judge overruled all the objections therein presented. The defendants excepted.

*W. R. Hammond* and *John C. Reed,* for plaintiffs in error.

*Anderson & Anderson* and *Rosser & Brandon,* contra.

EVANS, J. (After stating the facts.) The petition in the present case is in the nature of a bill of peace, to avoid an alleged multiplicity of suits between parties whose rights, it is contended, may all be determined in one action. According to the petition, the purchaser from plaintiff's intestate is absolutely hors du combat. He has divested himself, by deed to his codefendant, of all interest he may have had in the land; he has litigated with the plaintiff over the amount due, and the judgment on which the execution issued, which is about to be levied, absolutely concluded him on that point. On demurrer we must assume the truth of these allegations; and it would seem that the defendant is effectually eliminated from future litigation, both as to the validity of the judgment and as to claiming title to the land. What, then, remains in the petition? It is alleged that if a levy is made and the land advertised for sale, Mrs. Ray will set up a pretended claim to an equity resulting from her contention that a certain amount of her money was used by her husband in making the purchase and that the vendor, plaintiff's intestate, had knowledge of this application of her funds at the time the money was received. It is alleged that the administrator is apprehensive that this unfounded claim of Mrs. Ray will be used to hinder and delay him in the enforcement of his judgment. If Mrs. Ray in good faith claims title to the land, in whole or in part, she is accorded by statute the privilege of litigating with the plaintiff in fi. fa. after levy, by filing a claim, and every contention which it is alleged she will assert can be settled in that litigation. Thus we fail to see where there will arise a multiplicity of suits. Nor are there any other grounds for the equitable relief prayed. We do not understand that a judgment creditor, in anticipation that an insolvent claimant may avail himself of his ordinary legal remedies of resistance to the enforcement of the creditor's demand, by filing a statutory claim, is entitled to restrain him from so doing solely because the creditor alleges that the claim is not meritorious. Equity will never force suitors into its own forum by enjoining the use of a legal remedy whereby the full rights of

all the parties may be adjudicated. But when a litigant misuses a remedy provided by statute, when it is made to serve as a cloak for a frivolous claim, to the loss and injury of the opposite party, equity will intervene. Thus, a judgment creditor whose debt is secured by an absolute conveyance of land may invoke the aid of a court of equity when the sale of the land under the fi. fa. is hindered and delayed by a frivolous claim interposed by an insolvent claimant, where the property is worth less than the debt, or is deteriorating in value, or waste is being committed. *Powell* v. *Achey*, 87 *Ga.* 8. There is a general allegation in the petition that the estate of plaintiff's intestate had been damaged and had sustained substantial losses on account of the long delay and protracted litigation brought about by the defendants. But it is not alleged that the land is insufficient to pay the plaintiff's debt, or that it is deteriorating in value, or that any waste is being committed thereon. The allegation is so general that it is to be treated more as a conclusion than an averment of a fact. The final result of this litigation was favorable to the estate of Mrs. Pease, but it did not become res adjudicata, because at the time of the various judgments Mrs. Pease was not in life, and there were no proper parties. This was a misfortune to the administrator of her estate, but ignorance of his intestate's death by her attorneys is not chargeable to these defendants. Another reason assigned for equitable relief is that the Douglas county execution in favor of P. P. Pease, administrator, against Ray, while binding on the defendant in execution, would not bind his wife should she interpose a claim. The reply to this feature of the case is that if the soundness of the legal proposition asserted be not questioned, Mrs. Ray's right to attack the judgment could not be taken away by merely transferring the case from the law to the equity, side of the court.            *Judgment reversed. All the Justices concur.*