## SMITH v. ZACHRY.

1. Where exception is taken to the grant of an injunction and the appointment of a receiver ad interim, affidavits used on the hearing of the application must be brought to this court in one of three ways: by being briefed and included in the bill of exceptions; as exhibits to the bill of exceptions duly identified by the presiding judge; or by being .included in a brief of evidence approved and made a part of the record. To simply file affidavits with the clerk, although identified by the judge, does not make them a part of the record or authorize them to be sent to this court as such. *Roberts* v. *Heinsohn,* 123 *Ga.* 685; *Eubank* v. *Eastman,* 120 *Ga.* 1048; *Hancock* v. *McNatt,* 116 *Ga.* 297; *Askew* v. *Hogansville Cotton Oil Co.,* 126 *Ga.* 807.

2. On exception to the granting of an injunction and the appointment of a receiver, questions involving a consideration of the evidence will not be considered, where the evidence is not properly brought to this court. *Sayer* v. *Brown,* 119 *Ga.* 539.

3. Every material question of law involved in this case is controlled by former adjudications of this court.

4. If a defendant in fi. fa. had delayed the lawful sale of land subject to the fi. fa., for some seven years, through meritless claims interposed by himself and his wife in forma pauperis, sometimes withdrawn and sometimes decided against her, and through the interposition by himself of successive affidavits of illegality, also without merit, while he remained in possession and received the rents, issues and profits, and the amount of the executions had increased by accruing interest and the value of the land had diminished by reason of his method of cultivating it, so that there was danger of loss to the creditor of a part of the execution debt due him; upon the interposition of another affidavit of illegality and exception from an adverse ruling thereon, upon affidavit in forma pauperis, the presiding judge, upon application, properly appointed a receiver ad interim.

Submitted April 23,—Decided May 15, 1907.

Injunction, etc. Before Judge Freeman. Troup superior court. June 22, 1906.

J. T. Zachry filed his equitable petition against J. H. Smith, alleging as follows: On October 17, 1898, plaintiff obtained two judgments against defendant, based on promissory notes containing waivers of all homestead and exemption rights of himself and family under the laws of the State or of the United States. At the time of the filing of the present petition the aggregate amount of principal, interest, and costs due on the judgments was approximately $800. Executions issued and were levied on October 24, 1898, upon certain described land. The defendant filed a voluntary petition in bankruptcy, and was adjudged a bankrupt on November

25, 1899, and was discharged on October 13, 1900. The plaintiff did not prove his claim in bankruptcy. The land levied on was set apart to the defendant as a homestead. His wife then interposed a claim against the levy. The case was continued until May 6, 1901, when she withdrew the claim. The defendant then filed an affidavit of illegality, which was overruled on September 12, 1901, and the case was carried to the Supreme Court, where the judgment was affirmed. (115 *Ga.* 722.) The land was advertised for sale; and the defendant interposed a claim, on January 1, 1903, but withdrew it on May 3, following. The plaintiff filed an application for a receiver, which was refused. The land was again advertised for sale, and the defendant again interposed a claim. The property was found subject, and the judgment was affirmed by the Supreme Court. (121 *Ga.* 467.) Again the land was advertised, and the defendant's wife again filed a claim, which was dismissed on January 30, 1904. She filed still another claim, under which the property was again found subject. Once more the property was advertised, and the defendant again filed an affidavit of illegality, which was overruled on March 19, 1906; and to this ruling a bill of exceptions has been filed by the defendant in forma pauperis, for the sole purpose, as petitioner believes and avers, of obtaining more delay. Each of the claims has been filed in forma pauperis. Defendant and his wife are now residents of Alabama, and have been so far more than a year. The defendant is utterly insolvent, and the plaintiff's only means of collecting his judgment is out of this land, which is not worth exceeding $500 or $600, and the rental value of which is $80 per annum. The defendant, knowing that he must sooner or later lose the land, is wantonly and recklessly ruining it by the manner in which he is cultivating it. If sold, it would not now bring the amount of plaintiff's executions, and he has already been delayed in the enforcement of them for about seven years. The land is rented during the present year for a portion of the corn and cotton to be raised. The plaintiff prayed that a receiver be appointed for the land and the rent notes, with authority to collect the annual rent; that the tenant be enjoined from paying the rent to any one except the receiver; for general relief, and for process. The defendant demurred and answered. On the hearing the presiding judge appointed a receiver, and the defendant excepted. The evidence used on the hearing of the appli-

cation was not included in the bill of exceptions nor embodied in any brief of evidence approved and made a part of the record; but copies of what purport to be affidavits, and of an entry of the word "identified," signed by the presiding judge, on each, are included in the record.

*E. T. Moon,* for plaintiff in error.    *B. H. Hill,* contra.

LUMPKIN, J.    (After stating the foregoing facts.)

The evidence was not properly brought up, and can not be considered. The only questions which can be reviewed are the questions of law raised upon the sufficiency of the case made by the petition. All the controlling questions of law have been decided heretofore by this court. The lien upon this land of the judgments based on notes waiving homestead and exemption rights was not discharged by the adjudication and discharge of the defendant in bankruptcy. The land involved in this controversy was set apart as a homestead by the court of bankruptcy. After the defendant's discharge, the plaintiff proceeded to enforce his executions against the land. No legal reason appears why he should not do so. *Evans* v. *Rounsaville,* 115 *Ga.* 684; *Smith* v. *Zachry,* Id. 722; *McKenney* v. *Cheney,* 118 *Ga.* 387; *Smith* v. *Zachry,* 121 *Ga.* 467.

If the allegations of the petition are to be taken as true, the sole purpose of the defendant and his wife in these repeated interpositions of claims and affidavits of illegality is to delay the proper enforcement of the law. If this be so, the law will not allow such a purpose to be effectuated; nor will equity turn a deaf ear and stand idly by and permit the defendant to reap the reward of such a scheme of delay, while the creditor not only is prevented from realizing the money justly due him, but also sees the land depreciating in value below the amount of the executions. There must be an end of litigation somewhere; and we think the presiding judge did nothing more than his manifest duty when he appointed a receiver to hold the land and collect the rents pending the exception to the judgment on the last affidavit of illegality. *Hart* v. *Respess,* 89 *Ga.* 87; *Roberts* v. *Mullinder,* 94 *Ga.* 493; *Dawson* v. *Equitable Mortgage Co.,* 109 *Ga.* 389; *Powell* v. *Achey,* 87 *Ga.* 8.

*Judgment affirmed. All the Justices concur.*