YOUNG *et al. v.* GERMANIA SAVINGS BANK.

HOLDEN, J. A vendor filed an equitable petition against its vendee and his wife, making substantially the following allegations: In March, 1906, in a suit in a city court on notes for the purchase-money of realty, the plaintiff recovered a judgment against the vendee. Before the claim case hereinafter referred to came on for trial, the vendee made a motion to set aside the judgment against him, and filed exceptions to the judgment overruling his motion, which judgment was affirmed by the Court of Appeals. The execution issued upon the judgment for

such purchase-money was levied upon the property sold, and in October, 1907, the wife of the vendee filed a claim, making pauper affidavit in lieu of giving bond. The property was found subject to the judgment in April, 1908, and the wife in February, 1909, after denial of her motion for a new trial, "filed a bill of exceptions carrying the case to the Supreme Court of Georgia on a pauper's affidavit." The defendants are insolvent, are in possession of the property, and "have been all the time receiving the rents and profits thereof; . . plaintiff has no other security for defendant's debt except the property levied upon," which is not worth the amount of the judgment, with interest and costs, and the defendants are not litigating in good faith, but only for the purpose of remaining in possession of the property free of rent. Plaintiff prayed that a receiver be appointed to take charge of and rent the property. *Held:*

(*a*). Upon the trial of such case, evidence being offered from which the court was authorized to find that the allegations of the petition were true, there was no abuse of discretion in appointing a receiver. *Hart* v. *Respess,* 89 *Ga.* 87 (14 S. E. 910) ; *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513) ; *Dawson* v. *Equitable Mtg. Co.,* 109 *Ga.* 389 (34 S. E. 668).

(*b*) There was no error in admitting in evidence the fi. fa. issued upon the judgment in favor of the plaintiffs, over objections that it was irrelevant and had on it two entries of levy on the property above referred to, and "there was not any showing as to the disposition of the first entry," it appearing that the claim was filed after the second entry of levy was made.

(*c*) The entire record of the claim case was admissible in evidence, and the objections thereto were without merit.

(*d*) If the copy of the bill of exceptions filed by the wife to the overruling of her motion for a new trial in the claim case was not admissible for any reason assigned, the overruling of the objections of the defendants in error to its admission was not harmful to them, for the reason that the wife, in her sworn answer to the original petition, introduced by both defendants in evidence upon the trial in proof of the statements it contained, stated that her claim case was pending in the Supreme Court on a bill of exceptions from the trial court to its order overruling her motion for a new trial, and there was nothing upon such trial to show that this statement was not true.

*Judgment affirmed. All the Justices concur.*

Argued November 11,—Decided December 24, 1909.

Receivership.    Before Judge Ellis.    Fulton superior court. July 12, 1909.

*Robert L. Rodgers,* for plaintiff in error.

*Westmoreland Brothers,* contra.