## GILLESPIE *v.* HUNT.

1. Where a deed is made under the provisions of the Civil Code (1910), §§ 3306 et seq., to secure the payment of a promissory note, and afterwards the payee transfers the note without recourse to another, at the same time also conveying to the assignee of the note the title to the land described in the security deed, this is no discharge of the land from the debt, and the assignee has all the rights of his assignor and all the remedies for enforcing the same. If the judgment and execution fail

to show on their face that the debt was secured by a conveyance of land from the debtor to the creditor, this will not prevent a sale of the property by virtue of the judgment, but the fact may be made to appear by extrinsic evidence when such sale is resisted by the debtor or his assignee.

2. Under the circumstances appearing in the opinion the court did not err in appointing a receiver and granting an interlocutory injunction.

JULY 12, 1916.

Injunction. Before Judge Bell. Fulton superior court. July 29, 1915.

*Neufville & Neufville,* for plaintiff in error.

*J. Mallory Hunt,* contra.

EVANS, P. J.    J. Mallory Hunt filed an equitable petition against Norman T. Poole, Mrs. Leila C. Menkee, and Mrs. Jane E. Gillespie, alleging as follows: that Poole, being the owner of a certain tract of land, borrowed a sum of money from the Prudential Life Insurance Company of America, and secured the loan by deed. Afterwards Poole sold the tract to Mrs. Menkee, in consideration of her assumption of the debt to the insurance company and the payment of a certain sum of money evidenced by sixty-seven promissory notes, obligating himself by bond to convey the title upon the payment of the purchase-money. Thereafter Poole indorsed to John H. Reynolds the notes given by Mrs. Menkee. Mrs. Menkee sold her interest in the property to Mrs. Gillespie, transferring the bond for title which she had received from Poole, and Mrs. Gillespie assumed the loan to the insurance company, and also the purchase-money notes given to Poole and indorsed by him to Reynolds. Thereafter Mrs. Gillespie failed and refused to pay forty-one of the outstanding notes due to Reynolds, and to pay the principal and interest due the insurance company. Reynolds purchased the note and interest coupons held by the insurance company, who indorsed same to him without recourse, and contemporaneously conveyed by quitclaim deed the property which had been conveyed to it as security for the debt. Later Reynolds sold and conveyed to the plaintiff the note of ·the insurance company held by him, and the purchase-money notes given by Mrs. Menkee to Poole and indorsed by Poole to Reynolds, and at the same time executed to the plaintiff his indorsement (without recourse) of the notes, together with a quitclaim deed to the property. The plaintiff sued to judgment on the note against Poole thus assigned and indorsed to him, and in due course execution

issued on such judgment. Plaintiff also sued on the notes given to Poole and indorsed by him, and obtained judgment against Mrs. Menkee as maker, and Poole as indorser. The plaintiff executed to Poole a deed of reconveyance for the purpose of levy and sale of the property under the judgment founded upon the debt due originally to the insurance company, and successively indorsed to the plaintiff. Levy was made and the property advertised for sale. The plaintiff placed with the sheriff his fi. fa. against Mrs. Menkee, and Poole as indorser, to claim the surplus of the sale, if any. Upon, this levy Mrs. Gillespie, who was in possession of the property under an assigned bond for title from Mrs. Menkee, filed her claim in forma pauperis. It was alleged, that no title ever passed into Mrs. Gillespie; that she and Mrs. Menkee were insolvent; that the land was insufficient to pay the plaintiff's judgments; and that the claim was filed for the purpose of delay, and to enable the claimant to fraudulently remain in possession of the property and enjoy the use and the income and rents thereof pending the claim case. The plaintiff prayed, that the claimant be enjoined from the further prosecution of her claim, and that all the rights she could set up thereunder be heard and determined in the present litigation; and that the court decree that the property be sold and the proceeds thereof applied in discharge of the plaintiff's judgments. The court granted a rule to show cause, and on the interlocutory hearing granted a temporary injunction as prayed, and appointed a receiver to take charge of the property until further order of court. Exception is taken to this judgment.

1. The defendant, Mrs. Gillespie, in her answer admitted that she purchased the land from Mrs. Menkee; she neither disputed the amount of the indebtedness of Mrs. Menkee or of Poole to the plaintiff, nor attacked the validity of the deeds and transfers given by them to secure the debts. She did urge that inasmuch as the judgments were not specifically declared a special lien on the land, and as the transfers of the notes secured by deed were without recourse, the property was released from the incumbrance placed thereon by her predecessor in title, and subject to which she purchased. This contention is without merit. Where a deed is made under the provisions of the Civil Code (1910), §§ 3306 et seq., to secure the payment of a promissory note, and afterwards the payee transfers the note, without recourse, to another, at the same time also conveying to the assignee of the note the title to the land de-

scribed in the security deed, it is no discharge of the land from the debt, and the assignee has all the rights of his assignor, and all the remedies for enforcing the same. *Hunt* v. *New England Mortgage Company*, 92 *Ga.* 720 (19 S. E. 27). If the judgment and execution fail to show on their face that the debt was secured by a conveyance of land from the debtor to the creditor, this will not prevent a sale of the property by virtue of the judgment, but the fact may be made to appear by extrinsic evidence when such sale is resisted by the debtor or his assignee. *Bennett* v. *McConnell*, 88 *Ga.* 177 (14 S. E. 208).

2. It is further insisted that no case is made for equitable interference with the claimant's possession pending the claim. The only title to the land which is asserted by Mrs. Gillespie is that of holder and assignee of the bond to reconvey, given by the insurance company to Poole, who assigned it to Mrs. Menkee, the assignor of Mrs. Gillespie. Mrs. Gillespie's right to possession is by virtue of her undertaking to pay the two debts which are merged into the plaintiff's judgments. Her title is not hostile to that of the defendant in fi. fa., but is derivative from him, burdened with the incumbrance which the plaintiff is seeking to enforce. The court was authorized to find that the property was insufficient to pay the plaintiff's judgments, and that the defendant was insolvent. In her answer Mrs. Gillespie avers that she was deceived by Mrs. Menkee in the purchase of the property. Granting that she was defrauded by her vendor, that is no reason why she should delay the plaintiff in the collection of his judgments, when her title is dependent on the satisfaction of the debt represented in the judgment which is being enforced by the plaintiff. By filing her claim the sale of the property is postponed, and in the meantime the debt is increasing by interest accumulation. Under these circumstances the rents of the property should be regarded as equitable assets to go in discharge of the plaintiff's judgments. The failure to allege Poole's insolvency does not change the situation. The perpetration of a fraud by Mrs. Menkee on Mrs. Gillespie gives to the latter no equitable right to require the plaintiff to postpone the enforcement of the levy of his fi. fa. on the property pledged for its security until the other property of the defendant in fi. fa. had been exhausted. The court did not abuse his discretion in appointing a receiver and granting an interlocutory injunction. *Judgment affirmed. All the Justices concur.*