GILLESPIE *v.* HUNT.

BECK, J. Hunt brought his equitable petition against Norman Pool, Mrs. Leila Menkee, and Mrs. James Gillespie, alleging as follows: On December 10, 1909, Pool, who was the owner of a lot of land in Atlanta, Georgia, procured from an insurance company a loan of $2500 for a term of five years, and to secure its payment executed a deed to the land, which deed was duly recorded. On June 16, 1911, Pool sold the property to Mrs. Menkee for $5,000, and executed to her his bond for title, she assuming the obligation to pay the loan of $2500 and interest, and in addition executing and delivering to Pool her sixty-six promissory notes for $30 each and one for $20. Afterwards Pool sold and assigned for value, before their maturity, these said notes to one Reynolds. On August 29, 1913, Mrs. Menkee sold her interest in the land to Mrs. Gillespie, transferring to her the bond for title. Mrs. Gillespie assumed the payment of the $2500 debt to the insurance company, as well as the payment of 41 of the purchase-money notes payable to Pool and by him indorsed and transferred to Reynolds. Mrs. Gillespie in addition gave her 34 promissory notes for $30 each, and one for $10, payable to Mrs. Menkee, which notes are not yet due, together with other valuable consideration. Mrs. Gillespie failed to pay 33 of the 41 notes transferred to Reynolds, and failed to pay the interest upon the $2500 loan due to the insurance company, and failed to pay the prin-

cipal of this loan on December 10, 1914, when it became due. Thereafter Reynolds purchased and had assigned to himself the notes and interest coupons held by the insurance company, and received from that company a quitclaim deed to the lot of land. On December 22, 1914, Reynolds sold and transferred for value to Hunt, the plaintiff, the $2500 note assigned to him by the insurance company, together with the interest coupons, and the 34 purchase-money notes signed by Mrs. Menkee and indorsed by Pool, and at the same time executed his quitclaim deed to Hunt to the lot of land. Thereafter Hunt sued to judgment on the note of $2500, with the three interest coupons. He sued to judgment also on the 34 notes signed by Mrs. Menkee and indorsed by Pool. By oversight these judgments were not made a special lien upon the lot of land. Executions were issued upon these judgments; and after Hunt had executed and filed a deed of reconveyance for the purpose of levy and sale, he had the sheriff to levy the fi. fa. based upon the judgment for $2500 and interest upon the lot of land in question; and placed in the hands of the sheriff the fi. fa. against Mrs. Menkee as principal and Pool as indorser, to claim enough of the surplus to make the amount of the fi. fas. and costs. Mrs. Gillespie, who was in possession under the bond for title before referred to, filed her claim to the property in forma pauperis. The claim was filed for delay only, and to enable the claimant to fraudulently remain in possession of the property. She is insolvent and unable to respond in damages. The property, if sold at public outcry, would not bring a sufficient sum to pay the charges against it. The plaintiff prayed that Mrs. Gillespie be enjoined and restrained from prosecuting her claim; that she be required to come into court and set up her rights and contentions, if she has any; that a receiver be appointed to take charge of the property in the meantime, with authority to manage, preserve, and rent it; and that the fi. fa. against Mrs. Menkee and Pool be decreed to be a superior lien on the land, except as to the $2500 fi. fa. Mrs. Gillespie demurred to the petition; the demurrer was overruled, and she excepted. *Held*, that the court did not err in overruling the demurrer. The fact that Hunt had a common-law judgment against Pool did not prevent his making the levy upon the land after having duly filed his deed for that purpose. The fact that the notes were transferred by the insurance company to Reynolds and by Reynolds to Hunt without recourse made no difference, inasmuch as quitclaim deeds were executed, transferring the title to the property to secure the payment of the notes. *Hunt* v. *New England Mortgage Security Co.*, 92 *Ga.* 720 (19 S. E. 27); *Tripod Paint Co.* v. *Hamilton*, 111 *Ga.* 823 (35 S. E. 696); *Gillespie* v. *Hunt*, 145 *Ga.* 490 (89 S. E. 519).

*Judgment affirmed. All the Justices concur.*
FEBRUARY 14, 1917.

Equitable petition. Before Judge Bell. Fulton superior court. October 13, 1915.

*Neufville & Neufville,* for plaintiff in error.