REMS *v.* HABERSHAM BANK *et al.*

This was a claim case, and under the evidence in the record the court did not err in directing the jury to return a verdict finding the property subject.

No. 4597.    July 15, 1925.

Claim. Before Judge J. B. Jones. Banks superior court. September 18, 1924.

*W. W. Stark, A. J. Griffin,* and *Charters & Wheeler,* for plaintiff in error.

*I. H. Sutton,* contra.

Beck, P. J.   W. J. Dunson sold to J. H. Evans a tract of land in Banks County, containing 39.85 acres, on October 13, 1915, and made Evans a bond for title to this land, the consideration being 10,000 pounds of middling cotton; and Evans executed to Dunson his six promissory notes therefor, the first four being for 1500 pounds of middling cotton each, and the last two being for 2000 pounds of middling cotton each. Evans paid no part of the purchase-money for the land to Dunson.   Dunson sold the notes and transferred them without recourse to J. W. McMillan, at the same time conveying to McMillan the tract of land subject to the bond for title given to Evans.   This transfer and conveyance was on February 23, 1916.   McMillan transferred a certain one of these notes to the Habersham Bank, at Clarkesville, Georgia, and Evans paid a part of the debt represented by these notes.   When other notes fell due he failed to pay, and gave McMillan his note in renewal of this purchase-money indebtedness then due as originally represented by the "cotton notes."   McMillan indorsed and sold this note to the Habersham Bank in December, 1919, same being for the principal sum of $900 at that time.   Evans could not pay all of this note when due, and renewed the same by making a new note payable to the bank, which was signed by McMillan as indorser or security.   This note was not paid at maturity, and Habersham Bank sued Evans and McMillan and obtained a judgment against them, on which judgment the fi. fa. in this case was issued.   Evans transferred the bond for title that he held from Dunson to T. J. Rems, on March 31, 1920, and Rems paid Evans $800 cash and gave notes for the remainder of the contract price that he agreed to pay him for the land.   Rems paid the last two cotton notes described in Evans' bond for title, but there were at least three of his notes for the principal sum of $190 each still unpaid when the land was levied on.   After the bank obtained the judgment against Evans and McMillan for the balance of the purchase-money on this land, as above referred to, the bank had McMillan to make, file, and have recorded a deed conveying this land to Evans, defendant in fi. fa., on July 1, 1922, for the purpose of levy and sale, so that the bank could have its fi. fa. levied on the land and sell the same for its debt as represented by the fi. fa.   The land was levied upon, and Rems filed a claim to the property.   On the trial of the issues made by the claim interposed to the levy the

court directed the jury to return a verdict finding the property subject, which was done, and the claimant excepted.

We are of the opinion that the verdict directed was the only one which could have been rendered, under the uncontroverted evidence in the case. When Dunson transferred the notes given for the purchase of the land and conveyed the land at the same time to McMillan, the latter took the place of the original vendor. The fact that the notes were transferred by Dunson to McMillan without recourse made no difference in this case, as the former conveyed title to the land to the transferee of the purchase-money notes. Even if it be true that under the rulings of this court, when purchase-money notes are transferred by the vendor, the notes lose their character as purchase-money notes in so far as they entitle the holder to a lien on the property, nevertheless, as in this case, when the notes were transferred and the title also transferred to him, he was then placed in the shoes of the original vendor, Dunson. *Gillespie* v. *Hunt,* 146 *Ga.* 440 (91 S. E. 468). Nor do we think the fact that the notes payable in cotton were taken up and new notes given for an amount equal to the value of the cotton made a novation of the contract. Nor was there a novation made when the note of Evans to McMillan was transferred to the bank with the indorsement of McMillan. The claimant of course did not show a legal title in himself that would uphold the claim interposed. Nor under the facts did he show such a complete equitable title as would support his claim.

*Judgment affirmed. All the Justices concur.*