### JONES *v.* CARTER ELECTRIC COMPANY *et al.*

ATKINSON, J. 1. A executed a loan deed and subsequently sold and conveyed the land to B, who assumed the debt and executed a loan deed back to A as security for the balance of the purchase-price. B created debts for materials that were used for improvement of the property, and the creditors recorded their claims of lien as materialmen. After creating such debts B, being insolvent, conveyed the land to C for the purpose of defrauding his creditors. Other creditors furnished to C materials that went into improvement of the property, and these held claims of lien upon the land which they were endeavoring to set up and establish in the courts. The amount of each claim of lien was unliquidated, and

Pleading, 31 Cyc. p. 414, n. 13.
Receivers, 34 Cyc. p. 19, n. 31; p. 111, n. 41; p. 132, n. 45.

all the liens were contested. One of the creditors of C obtained a verdict against C, setting up his lien, and a motion for new trial was made. The first and second loan deeds were duly foreclosed, the first against A and the second against B, and each was declared a special lien upon the land at the suits of separate transferees against A and B respectively. The land was levied upon and advertised for sale by the sheriff under the respective executions based on these judgments of foreclosure. The property was estimated to be of sufficient value to discharge both executions and the several liens of materialmen. Upon allegations of this character the lien creditors of C instituted suit against A, B, and C, and against the sheriff and the transferees of the loan deeds, for the appointment of a receiver to demand and receive from the sheriff all overplus from the proceeds of sale that might remain after discharging the executions, and to hold the same until the rights of the lien creditors could be established, and then apply it to payment of the liens; and for general relief. After a temporary receiver had been appointed by the judge, and service of the petition, process, and order appointing a temporary receiver, C prevented a sale by filing with the sheriff a statutory claim to the land levied upon, and making an affidavit in forma pauperis in lieu of giving bond. Thereupon, and before any demurrer to the original petition had been filed, the petitioners filed an amendment alleging that in purchasing the property C assumed the debts secured by both of the security deeds; that the statutory claim was fictitious and made for delay only; that C was in possession of the property, and pursuing dilatory methods to delay petitioners and remain in possession as long as possible without payment of rent; that the incumbrances upon the property were being increased by accumulation of interest, taxes, and other charges; that the value of the property was such that there was danger that it would not bring more than sufficient at sheriff's sale to satisfy the said executions; that C was practically insolvent; that if C should succeed in prolonging the litigation and collecting the rents from the property, there was danger that plaintiffs would lose their debts; that a receiver was necessary to take charge of the property, collect the rents, and sell the property under order of the court, for protection of petitioners. The prayers were, (a) to consolidate the claim in the equity suit; (b) to enjoin the filing of other claims; (c) that the receiver take possession of the property and collect the rents; (d) that the property be sold by the receiver under order of the court, with full provision for protection of all at interest. *Held:*

(*a*) Relatively to C, the amendment was not subject to general demurrer on the grounds that it alleged no reason for grant of the relief, and that the facts alleged showed an attempt to set up a cause of action entirely separate and distinct from that undertaken to be set out in the original petition.

(*b*) The original petition did not become functus officio on the failure of the sheriff to make the sale, on the ground, as contended, that the suit did not seek any other relief than to impound funds derived from a sale conducted by the sheriff on the day specified in the petition. Under proper construction, the suit was to impound the funds arising from

sale of the property by the sheriff, on whatever day the sale might take place.

(c) The petition as amended was not subject to demurrer on the ground that it failed to allege a cause of action for appointment of a receiver. Civil Code (1910), § 5522; *Vizard* v. *Moody,* 117 *Ga.* 67 (3) (43 S. E. 426); *Gillespie* v. *Hunt,* 145 *Ga.* 490 (89 S. E. 519), s. c. 146 *Ga.* 440 (91 S. E. 468); *Hiers* v. *Exum,* 158 *Ga.* 19 (122 S. E. 784).

(d) The case differs from *Dixie Metal Products Co.* v. *Jones,* 163 *Ga.* 70 (135 S. E. 406), and *Spence* v. *Solomons Co.,* 129 *Ga.* 31 (58 S. E. 463), and similar cases, in which the petitioning creditor did not have a lien.

2. The transferee of the first security deed was not served, and did not file any demurrer or answer to the petition. The same condition existed as to the sheriff. B was served, but did not demur or answer. The transferee of the second security deed and A filed separate answers, admitting the facts relied on as grounds of equitable relief, and praying to be named as parties plaintiff instead of defendant, and that the receiver be appointed with powers as prayed in the petition as amended. C alone filed general and special demurrers, and an answer denying the allegations as to existence and amount of liens, and as to the value of the property and danger of loss to plaintiffs if a receiver should not be appointed. At an interlocutory hearing the judge overruled all the grounds of general demurrer, reserved his decision upon the grounds of special demurrer, and, after hearing evidence, granted an order making the receivership permanent and requiring the receiver to take possession of the property and hold it under specified directions from the court relating to insurance and the like; but allowing C to remain in possession upon payment to the receiver of a specified sum as rent, and requiring C to set up in this case any claim to the property or proceeds thereof. *Held:*

(a) For reasons indicated in the preceding notes, the judge did not err in overruling the grounds of general demurrer to the amendment or to the petition as amended.

(b) Though conflicting on some features of the case, and especially as to the value of the property, the evidence was sufficient to support the allegations of the petition as amended, and there was no abuse of discretion in appointing the receiver.

*Judgment affirmed. All the Justices concur.*

*R. B. Blackburn* and *L. J. Steele,* for plaintiff in error.

*Fuller & Bell, Augustine Sams,* and *Randolph, Parker & Fortson,* contra.