DIXON *et al. v.* TUCKER.

784

No. 6814.   JANUARY 18, 1929.   REHEARING DENIED FEBRUARY 18, 1929.

*A. L. Miller* and *Bennet & Peacock,* for plaintiffs in error.

*Hooper Alexander,* contra.

HINES, J.   ■   We deal first with the case from the standpoint of the defendant in fi. fa. As to her the question for decision is whether the allegations of the petition make a case for injunction and receiver, the defendants expressly admitting in their bill of exceptions that the evidence before the chancellor on the hearing of the application for injunction and receiver authorized him to find that these allegations were true. When property is in litigation, and the rights of either or both parties can not be fully protected, or when there may be property having no one to manage it, a receiver of the same may be appointed when a proper case is made. Civil Code (1910), § 5475. "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases, should not be resorted to." § 5477. The appointment of a receiver is a harsh remedy to which resort should not be had, except when the interests of creditors are exposed to manifest peril. It has been said that "The high prerogative of taking property out of the hands of one, and putting it in pound, under the order of a judge, ought not to be taken, except to prevent manifest wrong imminently impending." *Crawford* v. *Ross,* 39 *Ga.* 49.   It has been further said that "The appointment of a receiver is recognized as one of the harshest remedies which the law provides for the enforcement of rights, and is allowable only in extreme cases, and under circumstances where the interest of creditors is exposed to manifest peril." *Dozier* v. *Logan,* 101 *Ga.* 173 (2), 179 (28 S. E. 612). "There are few, if any, cases under the equity practice of this State, in which receivers are appointed as a matter of right; they are appointed to preserve rights; and no matter how strong the apparent equity of the complainant may be, if there be no necessity for a receivership, the courts will not change the status until final decree." *Huggins* v. *Huggins,* 117

*Ga.* 151, 160 (43 S. E. 759) ; *West* v. *Mercer,* 130 *Ga.* 357, 360 (60 S. E. 859).

When a creditor obtains judgment on a debt for the purchase-money of lands, secured by a retention of title, or upon a debt secured by a mortgage or deed to land, and has the execution upon his judgment levied upon such land, and is met by a claim in forma pauperis, which is founded upon a fraudulent conveyance from the debtor to the claimant, made under a collusive agreement between them for the purpose of delaying, hindering, or defrauding the creditor in the collection of his judgment, and of permitting the defendant or the claimant, who retains possession of the land, to receive and enjoy the rents therefrom, and both the defendant and claimant are insolvent, and the value of the land is insufficient to pay the amount of the judgment, and the insolvency of the claimant will prevent the plaintiff from collecting from him any damages which the jury trying the claim case may award to him because the claim was filed for delay only, a court of equity will appoint a receiver to collect and preserve the rents until the claim is finally determined; and the court will more readily appoint a receiver where the plaintiff is met by successive claims of this character, and where a previous claim has been adjudicated against the claimant based upon the same pretended title. *Tufts* v. *Little,* 56 *Ga.* 159; *Gunby* v. *Thompson,* 56 *Ga.* 316; *Chappell* v. *Boyd,* 56 *Ga.* 578; *Powell* v. *Achey,* 87 *Ga.* 8 (13 S. E. 108) ; *Hart* v. *Respess,* 89 *Ga.* 87 (14 S. E. 910) ; *Roberts* v. *Mullinder,* 94 *Ga.* 493 (20 S. E. 350) ; *Dawson* v. *Equitable Mortgage Co.,* 109 *Ga.* 389 (34 S. E. 668) ; *Fisher* v. *Graham,* 113 *Ga.* 851 (39 S. E. 305) ; *Ray* v. *Anderson,* 125 *Ga.* 502, 510 (54 S. E. 356) ; *Young* v. *Germania Savings Bank,* 133 *Ga.* 699 (66 S. E. 925) ; *Gillespie* v. *Hunt,* 145 *Ga.* 490, 493 (89 S. E. 519) ; *Gillespie* v. *Hunt,* 146 *Ga.* 440 (91 S. E. 468) ; *Hiers* v. *Exum,* 158 *Ga.* 19 (5) (122 S. E. 784) ; *Jones* v. *Carter Electric Co.,* 164 *Ga.* 44 (137 S. E. 624).

In similar circumstances this principle is applicable when the judgment is not founded upon a secured debt, and where the judgment creditor has no lien except that created by his judgment. *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513). It will be noted that the principle announced is based upon the fact that the land claimed is not sufficient to pay the judgment, or that it is deteriorating in

value, or that waste is being committed thereon. *Fisher* v. *Graham, Ray* v. *Anderson,* supra. In *Gillespie* v. *Hunt,* 146 *Ga.* 440 (supra), one claim had been filed, and that had not been disposed of when the petition for receiver was brought.

The defendant claims that the instant case is not brought within the principle announced in the above-cited cases, for the reason that it is not alleged in the petition that the property levied on is insufficient to pay off the judgment of the plaintiff, or that it is deteriorating in value so as to become of less value than the amount of plaintiff's judgment; and that without such allegations the petition does not make a case showing necessity for the appointment of a receiver. On this subject the petition makes these allegations: On June 8, 1926, the plaintiff recovered a judgment against the defendant for $5,425, with interest from date, and $26.85 costs. On November 25, 1921, the defendant executed and delivered to the claimant of the Calhoun and hotel tracts seven warranty deeds which conveyed all the lands which she then owned. These deeds purport to have been executed for an alleged consideration of $8,900, but they were voluntary and made without consideration. They left the "defendant without discoverable resources to which plaintiff could resort for the payment of" his judgment. On November 25, 1921, the claimant, who was a son of the defendant, reconveyed to his mother the lands embraced in three of the deeds made to him by her. Whether he reconveyed to her all the other lands she conveyed to him, petitioner does not know. Among these conveyances and reconveyances was one to the Bray place, which included what is referred to in the petition as the Calhoun place and Coddington tract. Another of these reconveyances embraced the hotel property. On January 17, 1924, the defendant borrowed from the Bank of Leary $649.79 on the hotel property. Among said conveyances of November 25, 1921, was one affecting a certain lot in Leary not directly involved in this litigation. There was a reconveyance of this lot on the same day to the defendant. On said date defendant sold and conveyed this lot to one Jones. In 1914 the owners of the Bray place borrowed $4,000 from George M. Forman & Company, and executed to them a deed to said Bray place to secure said loan. The defendant purchased the Bray place subject to said loan. The defendant paid on said debt from time to time the interest as it fell due, and reduced the

principal somewhat, but there still remained due in 1924 $1500 or $2000 on said indebtedness. In that year, for the purpose of defeating plaintiff in the collection of his debt against her, defendant ceased paying interest on said loan, and requested said company to enforce its security by selling the land under the power in the deed to secure said loan. In pursuance of this request the Bray place was sold under the power of sale embraced in the security deed to Forman & Company on April 1, 1924, and was bid off by C. W. Calhoun for a sum sufficient to pay the Forman loan and the expenses. Calhoun was sent to make said.bid by a relative of defendant and at her request. He paid no money, and the deed to him was executed and put on record, when in fact it was never delivered. Defendant had a previous agreement with one Coddington for a sale to him of a part of said Bray land. Coddington refused to buy until plaintiff's claim was got rid of, and the sale to Coddington fell through because of his discovery of plaintiff's claim and pending suit. On April 7, 1924, a settlement was had by which Coddington paid a large sum of money for the use of defendant, out of which the Forman debt was fully satisfied, and deeds were delivered and recorded as follows: One from Forman & Company to Calhoun conveying the Bray place, one from Calhoun to Coddington conveying 339.2 acres of that place, and one from Calhoun to defendant conveying 135.8 acres of the Bray place. This transaction satisfied the Forman claim, and vested the title in full in defendant if she did not already have such title. Until the levy in this case the defendant continued to hold possession of said 135.8 acres, as well as a seven-acre tract; and in March, 1926, she sold two or three acres of the Calhoun property to Mrs. Meta Balliet for $700. Defendant tried at that time to sell to Mrs. Balliet the balance of the Calhoun property for $8,000. After November 25, 1921, defendant remained in possession of the hotel property, rented it out, and collected the rents. The present tenant rents from her and pays her the rent. The conveyance of the Bray land in 1921 by the defendant to claimant was based on an alleged consideration of $4,000, subject to the balance of about $3,000 then owing Forman, whereas it was in fact worth, by the verdict of the jury, $19,000. Plaintiff believes and charges that all the lands in the seven deeds to claimant were worth .more than $8,900. The records show that the claimant still holds title to the other seven

or eight lots or parcels. Plaintiff is entitled to a verdict of not less than ten per cent. as damages, because these claims were filed for delay only; but as the son swears in each of his claim affidavits that from poverty he is unable to give a claim bond, petitioner will not be able to enforce such verdict except as to the seven or eight parcels of land conveyed to him by the defendant in 1921, which do not appear to have been disposed of. Interest is accumulating on the judgment, and already amounts to a considerable sum.

The petition contains only the above allegations touching the value of the lands levied upon and claimed by the son of the defendant, and of the other lands conveyed by the defendant to her son, which, the petition alleges, do not appear to have been disposed of. In these circumstances it does not appear that the lands claimed are not of sufficient value to pay off and discharge the plaintiff's judgment; and the petition is entirely silent as to the value of the other lands conveyed by the defendant to her son, which, under the allegations of the petition, are still undisposed of, and are still liable to this judgment, for the reason that the conveyance of. these parcels to the claimant is null and void for the reason that they were made to delay, hinder, and defraud the plaintiff. The burden was on the plaintiff, before he would be entitled to a receiver, to allege in his petition that the lands conveyed by the defendant to the claimant, and which are still subject to plaintiff's judgment, would not bring at judicial sale an amount sufficient to. pay off plaintiff's judgment and expenses of sale. So we are of the opinion that while the petition filed by the plaintiff in aid of his levy establishes a strong equity in his favor, and will, if proved, subject all the land conveyed by the mother to her son, the petition does not make a case for the appointment of a receiver so far as the defendant is concerned.

■ How stands the case as to the claimant? There is no allegation touching the value of the lands claimed by the son. There is likewise no allegation of the value of the other lands conveyed by the mother to him, which the petition alleges are still undisposed of. There is no allegation that the lands conveyed by the mother to the son, which under the allegations of the petition are subject to the plaintiff's judgment, and will be subject to any judgment which the plaintiff may obtain against the claimant, for the

reason that his claims were filed for delay only, are not of sufficient value to pay the judgment of the plaintiff against the defendant and any judgment which he may obtain against the claimant for damages on account of the fact that these claims were made for delay only. The conveyances from the defendant to her son, under the facts alleged, were void as to the plaintiff, but were good between the mother and the son, and operated to put the title to the lands therein conveyed in the son. *Sheridan* v. *Sheridan,* 153 *Ga.* 262, 270 (111 S. E. 906). Under these conveyances the son acquired title to these lands, although the conveyances were void as to the plaintiff. If found subject upon the trial of the claims filed by the son, the proceeds would first be applied to the payment of the judgment of the plaintiff and the expenses of the sale; but any excess over and above the payment of the judgment, including principal, interest, costs, and expenses of sale, will be subject to any judgment which the plaintiff obtains against the claimant. In the absence, however, of any allegation in the petition that the proceeds of these lands will be insufficient to meet the judgment of the plaintiff against the defendant and any judgment which plaintiff may obtain against the claimant upon the ground that his claims were filed for delay only, the equitable petition filed by the plaintiff in aid of his levy fails to make a case for the appointment of a receiver either as to the defendant or the claimant. It follows that the court below erred in appointing a receiver to take charge of the lands levied upon, to collect the rents therefrom, and to hold the same until the claims were finally disposed of.

We are of the opinion that the petition makes a case for the grant of an injunction to prevent the defendant and the claimant from conveying, encumbering, or otherwise disposing of these lands in pursuance of their scheme to thwart the plaintiff in the collection of his judgment against the defendant.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*