SHADRACK T. CRAWFORD, executor, plaintiff in error, vs. CHARLES SPURLING, defendant in error.

1. Where a general judgment creditor prays for an injunction and the appointment of a receiver, on the ground that a claim has been interposed, under a pauper affidavit, for the purpose of delay, and that, by the depreciation in value of the property, there is danger of losing his debt, but shows no special lien, there is no abuse of the discretion of the chancellor in refusing to grant such prayer.

2. The defendant in *fi. fa.* is a necessary party to such proceeding.

Claim. Injunction. Receiver. Lien. Parties. Before Judge CLARK. Schley County. At Chambers. June 20th, 1876.

Reported in the decision.

GUERRY & SON, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant praying for an injunction and the appointment of a receiver. Upon hearing the motion to show cause the presiding judge refused to grant the injunction prayed for, and the complainant excepted.

1. The equity of the complainant's bill, as alleged therein, is that he is a judgment creditor of one Sims; that the debt due him is for the purchase money of a certain described tract of land, which he has had levied on, but which has been claimed by one Spurling under a pauper affidavit; that the land has greatly depreciated in value, and is continuing to depreciate, and will not be sufficient to satisfy complainant's debt; that Sims is insolvent, and that the claim has been interposed to prevent the collection of his debt. Wherefore he prays for an injunction and the appointment of a receiver to take possession of the property. The complainant does not seek for the appointment of a receiver on the ground that the land levied on is specially charged with the payment of his debt, or on the ground that he has any specific lien thereon, but only claims a general lien on the land as a general judgment creditor, and such being the case, there was no abuse of the discretion of the chancellor in refusing the injunction and the appointment of a receiver.

2. Besides, Sims was a necessary party to the bill, whereas there is no process of *subpœna* prayed against him. Spurling is the only party required in the prayer of complainant's bill to appear at the next term of the superior court, to stand to, abide and perform the decree of the court.

Let the judgment of the court below be affirmed.