## GREEN & COLWELL *et al. v.* HILL.

Since the passage of the act approved December 17, 1894 (Civil Code, §§ 5432, 5433), land held under bond for titles is not subject to execution sale as the property of the holder of the bond, until he is invested with the title; and therefore, where an execution against a holder of a bond for titles was levied upon the land held thereunder, without a conveyance to him of the title, a sale of such land made in pursuance of such levy passed no title to the purchaser; but where the holder of such bond

for titles had notice of such sale, and made no objection thereto, and the obligor in the bond became the purchaser of the land levied upon, and the court, upon a rule to distribute the money arising from such sale, awarded the same to one to whom the unpaid notes for a balance due upon the purchase-money had been assigned ( leaving still a balance due thereon ), and thus did exact equity and justice in the case, the judgment could be upheld, if the pleadings had so authorized, and the proper parties had been before the court. This, however, not being true in the present case, direction is given that the same be remanded, with leave to appropriately amend the pleadings and to make the holder of the bond for titles and the purchaser at the sheriff's sale parties; and upon this being done, it is further directed that the sheriff's sale, if it should appear to have been in all respects fair and just, be confirmed, the bond for titles canceled, and the award of the money as already made stand affirmed. If otherwise as to such sale, the same may be decreed void, and a judgment rendered restoring all the parties to their original status. These directions are given in view of the peculiar facts of this case, and under the powers conferred upon this court by the Civil Code, §§ 5498 ( par. 2 ), 5586.

Argued April 20, — Decided May 21, 1897.

Money rule.      Before Judge Milner.      Murray superior court.      February term, 1896.

*R. J. & J. McCamy, Jones & Martin* and *C. N. King,* for plaintiffs in error.    *Shumate & Maddox,* contra.

ATKINSON, J.    The questions made in this case arose under the following state of facts:    E. A. Earnest purchased from A. T. Logan a tract of land, for which he gave, as a part of the purchase-money, three promissory notes, Logan executing in his favor a bond for titles.    G. W. Hill recovered a judgment against E. A. Earnest, the execution issuing upon which he caused to be levied upon the tract of land above referred to. Prior to this time, he purchased the notes from another to whom they had been transferred under Logan's endorsement. No deed was made by Logan to Earnest so as to vest in him the title, and notwithstanding this the property was sold under the execution in favor of Hill.    It was announced at the sale by the sheriff that the whole title would be sold.    At this sale Logan became the purchaser  on behalf of himself and another, and they two executed to Hill, in pursuance of an arrangement between them, their notes for the difference between the sum for which the land sold, and the sum due Hill upon the purchase-money notes held by him.    Certain other

creditors of Earnest, who held judgments against him older than the judgment under which the property was sold, ruled the sheriff, and asked a judgment directing that the amount for which the land sold be paid to them, to be credited upon their judgments. Hill claimed, that although the lien of the judgment in his favor under which the land was sold was junior to that of the ruling creditors, yet, inasmuch as he was the owner of the promissory notes for the purchase of the land, he was nevertheless entitled to be paid the amount of those notes before any portion of the money could be applied to the payment of other debts of Earnest. At the sale, the land did not bring a sum in excess of that due upon the promissory notes. Neither Earnest the obligee in the bond, nor Logan the obligor, was a party to the rule, and no conveyance had been made by Logan to Earnest prior to the sale under the execution in favor of Hill. There was some conflict in the evidence as to whether the sale was in all respects fair, and whether the land brought its full value. Upon the trial of the case, the facts above stated being substantially proved, the circuit judge directed a verdict in favor of Hill. A motion for new trial was made by the ruling creditors, which was overruled; and we are now to consider whether the court erred in directing a verdict.

Section 5432 of the Civil Code provides the manner in which lands held under bonds for titles with a part of the purchase-money paid may be levied upon and sold as the property of the obligee in the bond.

Section 5433 of the Civil Code provides, " Where any person other than the vendor, or other than the holder or assignee of the purchase-money or secured debt, shall have any judgment against a defendant in fi. fa. who does not hold legal title to property but has an interest or equity therein, such plaintiff in fi. fa. may take up the debt necessary to be paid by the defendant in order to give such defendant legal title to the property, by paying such debt with interest to date if due, and interest to maturity if not due; and thereupon a conveyance to the defendant in fi. fa., or, if he be dead, to his executor or administrator, shall be made by the vendor or holder of title given

to secure the debt, or, if dead, by the executor or administrator thereof; and when such conveyance has been filed and recorded, the said property may be levied on and sold as property of the defendant. The proceeds shall be applied, first, to the payment of liens superior to the claims taken up by the plaintiff in fi. fa.; next, to the payment of principal advanced by said plaintiff in fi. fa. to put title in defendant, with interest to date of sale; and the balance to the execution under which said property is sold, and to other liens according to priority, to be determined as in other cases of money rules."

Section 2788 of the Civil Code provides, " The judgment upon any evidence of debt given for the purchase-money of land, where titles have not been made but bond for titles given, shall be a lien upon the land and the proceeds of the sale thereof, prior to all other judgments, claims, liens and incumbrances, until the judgment shall be fully paid and satisfied."

Under the law as it stands at the present time, until the purchase-money due upon the promissory notes from Earnest to Logan was fully paid off and discharged, he had no leviable interest in the land, because until then he was neither invested with the legal title nor with a complete equity to the premises; and therefore his inchoate equity, resting upon the part payment of the purchase-money alone, was not subject to levy and sale. Without reducing the purchase-money notes to judgment, however, Hill, under section 5433 of the Civil Code, being a judgment creditor of Earnest, by taking up such notes, advanced the money requisite to impose upon the obligor in the bond the duty to execute the titles. In this case, however, as will be seen from the previous statement, a deed was not executed by Logan to Earnest, but it appears from the record that both Earnest and Logan had notice of and assented to the irregular sale. Upon the proceeds of the sale, had it been regular in all respects, Hill would have had a lien superior to the claim of any person whomsoever, for the sum advanced by him to invest Earnest with the title. The property being sold as the property of Earnest, Logan and Earnest alone would have had authority to object to any irregularity of the proceeding leading up to the sale. It may

well be doubted whether these ruling creditors, inasmuch as they are claiming the proceeds of the sale under their executions, are not estopped to deny that it was in all respects regular; and whether estopped or not, they would certainly have no right to make any question upon its irregularity, unless such irregularities as might have occurred tended to prejudice their interests by causing the land to bring a less sum than it otherwise would have brought. If Earnest acquiesced in it, they would have had no greater right than if the sale had been in all respects regular. They were entitled to subject to the payment of their debts only such an interest as he had after he had invested himself with the title by the payment of the purchase-money. Logan had no right, because he had already parted with the purchase-money notes, and Hill had advanced the money necessary to pay them, but the duty rested upon him to execute to Earnest the deed in order that Hill might realize the sum advanced by the sale of the property under his execution.

A rule for money is in the nature of an equitable proceeding. Had Earnest and Logan both been made parties to that proceeding, the proper result would have been reached by directing that Hill be first paid out of the proceeds of the sale the amount of money which he had advanced to pay the sum represented in the purchase-money notes. This direction was in effect given by the verdict of the jury; and inasmuch as substantial justice has been done, this court, under authority of paragraph 2 of section 5498, and section 5586 of the Civil Code, directs that this cause be remanded, with leave to the defendant in error appropriately to amend the pleadings so as to make both the holder of the bond for titles and the purchaser at the sheriff's sale parties; and if it should appear that this sale was in all respects fair and just, that it be confirmed, the bond for titles canceled, and the award of the money as already made stand affirmed. If otherwise as to such sale, the same may be decreed void and a judgment rendered restoring all of the parties to their original status.

*Judgment reversed, with directions.   All concurring.*