BUNN & TRAWICK v. ENGLAND, executor, et al.

SIMMONS, C. J. 1. Under the facts alleged in the petition, a sufficient cause of action was set forth to have been submitted to a jury, and the court erred in dismissing it on demurrer.

2. As the trial judge did not put his decision upon the ground that there was a nonjoinder of parties, but upon the merits of the case, this court directs that the vendors of the thirty per cent. interest in the estate to the plaintiffs, who are necessary parties to the suit, be made parties defendant, and that the case then proceed to trial on its merits.

Judgment reversed, with direction. All the Justices concur, except Candler, J., absent.

Argued April 22, —Decided May 11, 1905.

Equitable petition. Before Judge Bartlett. Polk superior court. November 2, 1904.

The petition of Bunn & Trawick against W. G. England, as executor of the will of W. L. B. Powell, and against O. Willingham, alleged: Powell died, leaving an estate of realty and person-

alty of the value of $7,000. England, as executor of the estate, took charge of it, sold the property, and collected the assets, and the estate is now ready for distribution; but he has not made a final return, and the plaintiffs are unable to state the amount of money in his hands, or the sum that would go to each of the heirs of Powell. About August 31, 1901, the plaintiffs were employed as attorneys at law for certain of the legatees and heirs at law of the testator, viz., Mrs. M. J. Denton, W. J. Powell, E. L. Powell, L. M. Powell, Mrs. George McCormick, and Miss Anna Powell. Their contract with Mrs. M. J. Denton was made in writing, and is as follows: "It is agreed between Mrs. M. J. Denton and Bunn & Trawick that the said Bunn & Trawick are to act as attorneys for the said Mrs. M. J. Denton in representing her in connection with her interests in the estate of her father, W. L. B. Powell, and to look after her interest in said estate and the acts of the executor in administering the estate; and to do whatever is necessary to protect her interest, whether the same is done by litigation or without litigation, she preferring for her interest to be managed without litigation if possible; they to use their discretion, however, with regard to what litigation is necessary. Their fees in said service to be thirty (30) per cent. of what they may get for her on account of her interest in said estate, whether the same is obtained in money, land, or otherwise; they to perform their services to her faithfully and to the best of their ability. This August 31, 1901." This was the contract made with each of the other parties named. After said contract was made with Mrs. Denton, plaintiffs were employed verbally, on the same terms of agreement in every respect, by W. J., E. L., and L. M. Powell for themselves; and they were so employed to represent Mrs. Georgia McCormick and Miss Ann Powell, by E. L. Powell, who was duly authorized by Mrs. McCormick and Miss Anna Powell so to employ plaintiffs. The petition set forth various services rendered by the plaintiffs in accordance with these contracts, and alleged: Plaintiffs arranged with L. M. Powell such fees as he was owing, and released him. W. J. and E. L. Powell complied with their contracts, and, when they disposed of their interests, settled with plaintiffs according to the terms thereof. After said contracts of employment were made and after the principal part of the services to be performed by plaintiffs was done

by them in accordance with said contract, Mrs. M. J. Denton sold and conveyed to O. Willingham her interest in the estate, and made him a conveyance by deed or bill of sale. Willingham took said interest charged with the claim for fees and attorney's lien of plaintiffs for 30 per cent. of the value of the interest of Mrs. Denton, and "plaintiffs were and are entitled either with or without actual notice to said Willingham under said fee contract;" but Willingham had due and legal notice of plaintiffs' said fee contract. After Willingham bought the interest of Mrs. Denton and it came to plaintiffs' knowledge, they gave notice in person to him of said fee contract with Mrs. Denton, and at the same time informed him clearly of plaintiffs' fee contracts with Mrs. McCormick and Miss Anna Powell, and that they were entitled to 30 per cent. of the interest or shares of Mrs. McCormick and Miss Anna Powell, and would claim the same, with their rights and liens thereon. Subsequently to said notice Willingham bought the interests or shares of said Mrs. McCormick and Anna Powell. He took them subject to the right of plaintiffs to receive 30 per cent. of the value of said shares; and plaintiffs' right to said 30 per cent. is not affected by the sale of said shares to said Willingham, but they are entitled to 30 per cent. of the value of said shares and of the share of Mrs. Denton according to the proper settlement that should and will be made by the executor. Plaintiffs faithfully performed their duties as attorneys for their said clients, and have completed their duties under their said contract, so far as they believe it is necessary for them to do; and they are ready to perform any further services, if any be necessary, to protect and preserve said shares according to said contract. The fees agreed upon were reasonable for the services completed, and they are entitled to be paid their fees of 30 per cent. upon the three shares of Mrs. Denton, Mrs. McCormick, and Miss Anna Powell; and further, they have a lien as fixed by the laws of this State upon the said shares to the amount of the value of said shares, to wit, the sum of $450, or $150 of each of said shares. As the executor has not made a final settlement or final return of the estate, plaintiffs can not state the actual balance, but, on information and belief, they charge the value of each of said three shares to be $500 or other large sum. Said sum will be fixed definitely by the settlement by said exec-

utor of his receipts and disbursements, and they now claim and will claim 30 per cent. of the value of said shares. O. Willingham purchased the shares of all the legatees of said testator, and when all the lands of said estate were sold, in December, 1902, although the farm was worth at least seven or eight thousand dollars, said Willingham, having bought up all of said shares, bought in said farm for $4,000, he having practically no competition in buying it. Plaintiffs are not advised whether Willingham has paid his bid price for said land to the executor, but they charge that the executor has not paid over the said three shares to said Willingham, or settled with him, but said three shares are in the hands of the executor to be distributed, and the executor has not yet deeded said lands to said Willingham. Plaintiffs gave said executor written notice of their claim for fees of 30 per cent. of said three shares, and said executor is holding up payment of said three shares that he may pay the same according to the rights of the parties entitled thereto. He is willing to pay said shares to plaintiffs, or entirely to said Willingham, according to their rights, he being in this matter stakeholder as between them. If said executor were allowed to pay said shares to Willingham, plaintiffs would have no complete and adequate remedy at law to enforce their rights, Mrs. Denton, Mrs. McCormick, and Miss Anna Powell being insolvent, or so nearly so that they will be unable to pay plaintiffs the amount due for said fees. Plaintiffs have demanded payment of their claim from each and both of the parties defendant, but defendants have refused to settle the same. Said Willingham is claiming all of the interest in said estate belonging to Mrs. Denton, Mrs. McCormick, and Miss Anna Powell, and is seeking to defeat plaintiffs' claim. Plaintiffs pray, that England be required to come to a settlement with them as to his receipts and disbursements in the administration of said estate, and to make a showing to the court of the value of said shares of Mrs. Denton, Mrs. McCormick, and Miss Anna Powell, and how much is due on account of each of said shares, and to show what property or assets of said estate are now in his hands as executor; that the court ascertain the value of said three shares and render in plaintiffs' behalf judgment for 30 per cent. of each of them, and require the executor to pay over to plaintiffs said 30 per cent.; that the executor be enjoined from paying over to Will-

ingham the said 30 per cent. of said three shares, and from making any conveyance of the realty purchased by Willingham, and from doing any acts with Willingham that will tend to prejudice plaintiffs' rights; that the court ascertain whether any part of said three shares has been turned over to Willingham, and whether he has paid over to the executor the purchase-price for said realty, and whether he is indebted in any sum to said executor, and whether he has in his hands any money or property due or belonging to said estate; and if the court should find that Willingham is so indebted or has such money or property, or that said shares have been paid to him, that the court render judgment for plaintiffs against both said executor and Willingham for the sum due plaintiffs; also for general relief. There was a prayer that a lien on the three shares be set up in favor of the plaintiffs, for the amount due them; but this prayer was withdrawn.

The defendant demurred, for want of equity and a cause of action, and because: (a) It is not alleged that plaintiffs rendered services for either of the defendants, or that the defendants assumed or agreed to pay for any services rendered; nor is any fact alleged that tends to show that plaintiffs have a lien on any of the property of the estate for their fees. (b) There is a misjoinder of parties defendant, for the reason that if the plaintiffs have any lien they can establish, they can do so without making Willingham a party; if Willingham has assumed or become responsible for the fees, there is no necessity for making England a party, as no insolvency is alleged as to Willingham. (c) There is a nonjoinder of parties. If plaintiffs have a right to sue, it is against Mrs. Denton, Mrs. McCormick, and Miss Anna Powell. As it is alleged that they contracted for and owe the fees, they are necessary parties. The defendants sued could not be held liable unless it should appear that the money could not be made out of Mrs. Denton, Mrs. McCormick, and Miss Powell. The court sustained the demurrer, and the plaintiffs excepted.

*C. G. Janes* and *Arnold & Arnold,* and *Bunn & Trawick,* for plaintiffs, contended that the contract in question was in effect a sale and conveyance, and not a mere lien, and cited Civil Code, § 3538.

*John K. Davis,* for defendants, cited Civil Code, §§ 2814, 2804, 2693; *Ga. R.* 101/80; 102/24; 104/353; 107/454; 99/629;

64/579; 72/848; 98/158; 73/322; 92/499; 104/353; 109/601; 82/798; 118/483; 62/164; 79/716; 82/166; 102/174; 104/248; 114/303.