WARREN COUNTY FERTILIZER COMPANY *v.* REESE.

ATKINSON, J. On December 27, 1921, J. T. Reese was adjudged a bankrupt. On March 14, 1922, the trustee in bankruptcy set apart as a homestead to the bankrupt certain personalty consisting of specified farm implements and farm products; also a described tract of land containing 50 acres more or less, on which was the residence of the· bankrupt where he lived. A creditor of the bankrupt, whose debt was represented by a promissory note containing a homestead-waiver clause, instituted a suit on the note, returnable to the January term, 1922, of the superior court, and did not prove his claim in bankruptcy. After the ·homestead was set apart by the trustee in bankruptcy the above-mentioned creditor, on May 18, 1922, instituted an equitable action against the bankrupt. The petition alleged all that is stated above, and contained the following prayers: (a) for judgment enjoining the

bankrupt from receiving the property set apart as a homestead, until petitioner could obtain judgment in his suit on the promissory note; (b) that the judgment be a special lien on the property; (c) that a receiver be appointed to demand and receive from the trustee in bankruptcy the exempted property, to hold the same until petitioner's rights can be adjudicated acording to law; (d) for process and other relief. The petition was sanctioned, and an order was granted temporarily restraining the defendant from receiving or accepting the exempted property, and appointing a temporary receiver to take charge of the property. On June 3, 1922, an amendment to the petition was allowed, which alleged that the bankrupt was attempting to assign the exempted property set apart to him by the trustee in bankruptcy; and praying that he be enjoined from assigning the property. *Held:*

1. "A voluntary bankrupt has an assignable interest in the property claimed by him in his petition as exempt under the constitution and homestead laws of this State; and he may assign the property in good faith to an existing creditor before the property is set apart by the trustee in bankruptcy, and therefore before the exemption is confirmed by the referee in bankruptcy." *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445 (110 S. E. 229). See also other cases cited in Isaac on Homestead Waivers, § 27, pp. 40 et seq.

2. It is a general rule that all persons who are directly interested in the result of litigation should be made parties to the proceedings for equitable relief. Civil Code (1910), § 5417; *Henderson* v. *Napier,* 107 *Ga.* 342 (33 S. E. 433). In an equitable suit by the holder of a promissory note containing a waiver of homestead exemption, against a bankrupt, seeking to enjoin him from receiving property set apart by the trustee in bankruptcy as a homestead exemption, an amendment to the petition alleging that after the filing of the petition the bankrupt had executed to a third person a written assignment of the property set apart as exempt, and that such assignment was fraudulent and void, because it was made for the purpose of defrauding the plaintiff as a creditor, and that such purpose was known to the assignee at the time of accepting the paper, was properly disallowed, the assignee not being a party to the suit, and the proposed amendment not offering to make him a party. *Pierce* v. *Middle Georgia Land &c. Co.,* 131 *Ga.* 99 (3) (61 S. E. 1114); *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Gibbs* v. *Harrelson,* 147 *Ga.* 404 (94 S. E. 235).

3. The proposed amendment relating to the fraudulent assignment having been properly disallowed, the court did not err, in the state of the pleadings and evidence, in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 3618. NOVEMBER 24, 1923.

Equitable petition. Before Judge Shurley. Warren superior court. January 18, 1923.

*R. W. Ware,* for plaintiff.

*J. B. & T. R. Burnside* and *J. Glenn Stovall,* for defendant.