## MARTIN et al. v. MARTIN et al.

GILBERT, Justice. 1. On the call of the case the defendants in error submitted a motion to dismiss the writ of error, because the Supreme Court is without jurisdiction to entertain the bill of exceptions, in that it seeks to review more than one case. The motion is without merit, and must be denied. Although there was an order purporting to consolidate two cases, the record shows that there is only one case. There is an original petition, and there is an ancillary petition in the nature of an intervention. There is no demurrer pointing out any misjoinder of parties or of causes of action. Equity favors the settlement of all disputes in one action, "where there is one common right to be established by or against several, and one is asserting the right against many, or many against one." Code of 1933, § 37-1007. See also *Smith* v. *Dobbins*, 87 *Ga.* 303, 316 (13 S. E. 496); *Burns* v. *Horkan*, 126 *Ga.* 161 (54 S. E. 946); *Moore* v. *Adams*, 153 *Ga.* 709, 712 (113 S. E. 383, 93 A. L. R. 925); *Spinks* v. *LaGrange Banking &c. Co.*, 160 *Ga.* 705, 711 (129 S. E. 31); *O'Malley* v. *Wilson*, 182 *Ga.* 97 (185 S. E. 109).

2. While the evidence introduced by the petitioners to support their contentions was somewhat vague and indefinite, there was sufficient evidence to require that the case be submitted to the jury. The court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*

No. 11133. MARCH 11, 1936.

*Evans & Evans, J. Y. Chastain,* and *Hatcher & Hatcher,* for plaintiffs.

*C. S. Claxton* and *E. L. Stephens,* for defendants.