## HENRIOT *v.* HENRIOT.

No. 11457.   November 27, 1936.

*Aaron Kravitch,* for plaintiff in error.
*Emanuel Kronstadt,* contra.

Atkinson, Justice.   After rendition of a second verdict, granting the husband a final divorce on his cross-petition, and permitting both parties to marry again, the judge entered a decree which declared, in part: "It further appearing that the matter of the awarding of the custody of the said two children, Eloise and George Henriot, came on to be heard on the tenth day of January, 1936, and after hearing the evidence tendered by both parties, the court took the matter under advisement; and it further appearing to the court after a careful consideration of all the facts and circumstances, the parties at interest, the evidence submitted, and the court's own conclusions, that it would be to the best interest of the said minors that they be awarded to the custody of the

mother, Dora Henriot, . . that the custody of the said minors be and arc hereby awarded to the plaintiff, Dora Henriot, with leave to the defendant to visit them at such time as same may be proper and practical." Error was assigned on this part of the decree, on the ground that it was contrary to law. The bill of exceptions fails to set forth a brief of the evidence heard by the judge, in any form; and consequently it is impossible for this court to determine whether there was an abuse of discretion. On motion the bill of exceptions is dismissed for failure to set forth a brief of the evidence. See *Zachry* v. *Zachry*, 140 *Ga*. 479 (79 S. E. 115), as to discretion of the judge in such matters; and *Askew* v. *Hogansville Cotton-Oil Co.*, 126 *Ga*. 807 (55 S. E. 921), and cit., as to effect of failure to set forth a brief of the evidence.

*Writ of error dismissed. All the Justices concur.*