OLIVER *et al.* v. HARRISON, ordinary, *et al.*

No. 11924. MAY 25, 1937.

*George L. & Carter Goode,* for plaintiffs.

*Worley Adams, Linton S. Johnson, L. P. Webb, M. J. Yeomans, attorney-general, O. H. Dukes, Dave M. Parker, W. H. Duckworth, M. L. Allison,* and *Ellis G. Arnall, assistant attorneys-general,* for defendants.

PER CURIAM. Citizens and taxpayers of Franklin County brought suit against the ordinary and the treasurer of that county, seeking to enjoin the defendants from doing certain acts under the terms of the legislative act approved February 24, 1937, for the purpose of submitting to the voters of Georgia proposed amendments to the constitution of this State; petitioners contending, for reasons stated in their petition, that the act is un-

constitutional, and that such election would be void, and that the public funds should not be used for defraying the expenses thereof. On presentation of this petition the judge granted a restraining order and a rule nisi. Upon the interlocutory hearing he sustained a general demurrer, dismissed the petition, and dissolved the restraining order. To this judgment the plaintiffs excepted. At the time of presenting the bill of exceptions to the judge the plaintiffs presented also an application for supersedeas, which was denied by the judge. After the bill of exceptions had been duly filed in the trial court, and served, and transmitted to the Supreme Court, the plaintiffs filed in this court a petition praying for "such order of supersedeas as . . may seem just and proper, whereby the status of the acts in the court below may not be changed until the judgment of this court can be had on their bill of exceptions." *Held:*

1. The main case has not been argued or submitted, and the only question in order before the court at this time is the grant or denial of the application of the plaintiffs in error for a supersedeas.

2. Whether or not this court has jurisdiction to grant such an order, the discretion exercised by the judge in refusing the supersedeas will not, under the facts of this case, be controlled either by direction to the judge or by an affirmative order by this court. The application to this court for an order relating to supersedeas is therefore denied, without any decision at this time as to the constitutionality of the act of February 24, 1937, or the validity of the election, as drawn in question by the bill of exceptions.

*Application for supersedeas denied. All the Justices concur.*