CORBLY *v.* WRIGHT *et al.; et vice versa.*

GRICE, Justice. 1. That part of the judgment excepted to which dissolved the temporary restraining order theretofore granted is not reviewable by a fast writ of error. *Johnson* v. *Troup County Rural Electrification Corporation,* 184 *Ga.* 527 (192 S. E. 15), and cit.

2. Where at interlocutory hearing the judge was authorized to find, from the pleadings and proofs submitted, that the holder of a security deed was seeking, long after its maturity, to exercise the power of sale thereunder; that the contemplated sale was restrained, on an ex parte application at the instance of the debtor, on allegations of fact which at the hearing were found to be unsupported by the evidence; that the original indebtedness of $5500 contracted on July 14, 1927, had, after crediting all payments made thereon, grown to $9160.40; that, contrary to the covenant of the grantor to pay all taxes and insurance premiums on the property, he had failed to do so, the holder having had to pay three years taxes and insurance premiums; that the taxes for the year 1937 were outstanding and unpaid; that the value of the property included in the security deed was only $3500; that there were unsatisfied judgments against the grantor; that he was insolvent; that he was in possession of the property, receiving and disposing of the rents and profits therefrom; and that the property was deteriorating in value,—it was not an abuse of discretion to appoint a receiver to take charge of the property. Compare *Crockett* v. *Wilson,* 184 *Ga.* 539 (192 S. E. 19), and cit.

3. The cross-bill of exceptions, assigning error on the order of the judge granting a supersedeas, presents for decision a moot question.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*

Nos. 12476, 12477. SEPTEMBER 28, 1938.

783

*S. W. Fariss,* for Corbly.   *F. M. Gleason,* contra.