POPE *v.* UNITED STATES FIDELITY & GUARANTY CO.

No. 14072. APRIL 15, 1942.

*C. C. Crockett,* for plaintiff in error. *Nelson & Nelson,* contra.

DUCKWORTH, Justice. ■ That portion of the judgment excepted to, stating that while the demurrers were considered along with the other pleadings and the evidence, no ruling was made thereon, is assailed as error; and it is insisted that the court erred in not passing on the demurrers at the interlocutory hearing. It is provided in the Code, § 81-1002, that in all cases demurrer, pleas, and answer shall be disposed of in the order named, and that demurrers and pleas shall be determined at the first term, unless continued by the court or by consent of parties. It is provided further, that "in equity causes, however, where extraordinary relief is sought, the trial court may hear, pass upon, and determine all demurrers in such causes at any interlocutory hearing before the appearance or first term." The quoted provision permits, but never requires, the judge to pass upon the demurrers in such cases at an interlocutory hearing. He may hear and determine all demurrers under this statute, but he is not obliged to do so, and his failure to do so is never ground for exception. *Byrd* v. *Piha,* 165 *Ga.* 397 (141 S. E. 48); *Ward* v. *Parks,* 166 *Ga.* 149 (142 S. E. 690); *McDermid* v. *McDermid,* 182 *Ga.* 320 (185 S. E. 515); *Americus Finance Co.* v. *Wilson,* 189 *Ga.* 635 (3) (7 S. E. 2d, 259); *Moxley* v. *Adams,* 190 *Ga.* 164 (5) (8 S. E. 2d, 525); *Galloway* v. *Mitchell County Electric Corporation,* 190 *Ga.* 428 (2) (9 S. E. 2d, 903). It was said in *Moxley* v. *Adams,* supra: "No ruling having been made on the demurrers, and the failure to rule

thereon not being error, questions raised by the demurrers are not determined except in so far as they are involved and have been decided in passing upon the grant of the interlocutory injunction." The judge considered the demurrers on the hearing, in so far as they related to the legal questions involved in the interlocutory judgment, and to that extent those questions will be passed on in our determination of the attack upon that judgment on the ground that it is contrary to law. The failure of the judge to rule on the demurrers was not error, and that fact alone constitutes no valid attack upon the interlocutory judgment.

■ The judgment is assailed upon the ground that it expressly disallows a supersedeas. The question passed upon by the trial court was whether or not the case as presented called for the grant of extraordinary relief, and the court found that the petitioner was entitled to the immediate grant of such extraordinary relief. To require as a matter of law the allowance of a supersedeas to the judgment granting such relief might in many cases nullify the judgment. Accordingly the question of allowing a supersedeas in all such cases is left to the sound discretion of the trial judge. *West* v. *Shackelford,* 138 *Ga.* 163 (74 S. E. 1079); *Prater* v. *Barge,* 139 *Ga.* 801 (78 S. E. 119); *Peebles* v. *Perkins,* 165 *Ga.* 159 (10) (140 S. E. 360); *Oliver* v. *Harrison,* 184 *Ga.* 454 (191 S. E. 693). The plaintiff in error confines her attack on the judgment solely to questions of law, which excludes any consideration of the evidence. Hence it does not appear that there was an abuse of discretion in disallowing a supersedeas.

■ Another attack on the judgment is based upon the portion of the same wherein other cases pending between the parties, and specifically the claim case involving the same property, were consolidated and ordered tried and determined with the present suit in equity. The consolidation was not erroneous, but, on the contrary, was in keeping with one of the purposes of equity, in that it avoids numerous trials and disposes of all controversies between the parties at the same time and by one trial. *O'Malley* v. *Wilson,* 182 *Ga.* 97 (185 S. E. 109); *Martin* v. *Martin,* 182 *Ga.* 113 (185 S. E. 119). This ground of attack is without merit.

■ The writ of error excepts to only one judgment, which is the interlocutory judgment rendered on December 19, 1941, and the exception is expressly confined to questions of law. The plaintiff

in error states that the exceptions require no consideration of the evidence, and accordingly no brief of the evidence accompanied the bill of exceptions. The defendant in error contends, however, that the evidence should be considered, and it has had a brief of the evidence certified and sent to this court. In view of the assignments of error in the bill of exceptions, consideration of the evidence is not required; for in failing to challenge the judgment excepted to on any ground involving the evidence, the plaintiff in error concedes that the judgment is supported by the evidence. In such a case it will be assumed that every proof authorized by the pleadings necessary to support the judgment was produced on the trial, and that the judgment is sufficiently sustained by the evidence. *Hart* v. *Respess,* 89 *Ga.* 87 (3) (14 S. E. 910); *Moss* v. *Moss,* 141 *Ga.* 769 (82 S. E. 136); *Schwarz* v. *Monsees,* 142 *Ga.* 734 (83 S. E. 670); *Kennedy* v. *Rogers,* 145 *Ga.* 292 (88 S. E. 974); *Voyles* v. *Federal Land Bank of Columbia,* 173 *Ga.* 844 (162 S. E. 106); *Henriot* v. *Henriot,* 183 *Ga.* 510 (188 S. E. 684). The brief of evidence sent to this court on motion of the defendant in error will not be considered, and the judgment complained of will be examined only for the purpose of determining whether or not it conforms to the law. If authorized by the pleadings, it will be affirmed.

■ The summary of the substance of the petition which precedes this opinion shows a series of facts and circumstances which authorize the grant of equitable relief. Code, § 55-305; *Hart* v. *Respess,* supra; *Fisher* v. *Graham,* 113 *Ga.* 851 (39 S. E. 305); *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513); *Gillespie* v. *Hunt,* 146 *Ga.* 440 (91 S. E. 468); *Dixon* v. *Tucker,* 167 *Ga.* 783 (146 S. E. 736); *Crockett* v. *Wilson,* 184 *Ga.* 539 (192 S. E. 19); *Corbly* v. *Wright,* 186 *Ga.* 782 (199 S. E. 168); *Braswell* v. *Palmer,* 191 *Ga.* 262 (11 S. E. 2d, 889). In *Hart* v. *Respess,* supra, the levy was made under a mortgage fi. fa., and hence the plaintiff in the equity proceeding had a special lien upon the property involved. It was there held that the plaintiff was entitled to injunction and the appointment of a receiver, since it appeared that the claimants were insolvent and no claim bond had been given. But it was also held that although the mortgagee had no legal right to the rents and profits he had an equitable claim upon them to the extent that they were needed to pay any balance of his claim after

the corpus had been applied thereto. In *Smith* v. *Zachry,* supra, the plaintiff in the equity suit had no special lien, but he had two judgments based upon promissory notes. After a series of claims and affidavits on the part of the defendant in fi. fa. and his wife, the equity suit was filed, reciting these facts, and praying for injunction and receiver. On the hearing a receiver was appointed, and the defendant excepted. Speaking of the right of the petitioner to relief in equity, this court said: "If the allegations of the petition are to be taken as true, the sole purpose of the defendant and his wife in these repeated interpositions of claims and affidavits of illegality is to delay the proper enforcement of the law. If this be so, the law will not allow such a purpose to be effectuated; nor will equity turn a deaf ear and stand idly by and permit the defendant to reap the reward of such a scheme of delay, while the creditor not only is prevented from realizing the money justly due him, but also sees the land depreciating in value below the amount of the executions. There must be an end of litigation somewhere; and we think the presiding judge did nothing more than his manifest duty when he appointed a receiver to hold the land and collect the rents." The quoted language is appropriately applicable to the facts alleged in the present case. The defendant in fi. fa. has resorted to legal processes seeking delay only, and these proceedings are still unsettled. The claimant, his wife, accepting the averments of the petition as true, as must be done in this case, knows that any claim she might have is subject to the plaintiff's judgment, and yet she has blocked the plaintiff's efforts to enforce its judgment by a claim. It is true that she has filed a claim bond, and the sufficiency of that bond may be properly tested at law, and resort to equity for that purpose alone could not be had. But does that claim bond afford complete protection to the plaintiff in fi. fa. against loss? We think not. The petition avers that both the defendant in fi. fa. and the claimant are insolvent, that the land levied on is insufficient to satisfy the plaintiff's judgment, and that the interest levied on, being only a life-estate in the land, is rapidly depreciating in value. The rents and profits of the land amount to several hundred dollars per year, and the claimant, who is in possession, has already collected such rents and appropriated them to her own use; and it is alleged that at the time the petition was filed, on December 6, 1941, she was

attempting to rent the land for 1942 and collect the rent in advance. The claim bond is no protection to the plaintiff in fi. fa. against the loss of such rents and profits. In *Fisher* v. *Graham,* supra, in dealing with this identical question, this court said: "We do not think that in a case in which a claim is interposed to property levied on, where the plaintiff in execution is in equity entitled to the rents of the property, the remedy upon the claim bond to ask that the jury assess damages for the delay is at all adequate for the plaintiff in execution. It is legally possible for the jury to find that the claim is unfounded, and at the same time to reach the conclusion that the claim was interposed in perfect good faith. In such a case, if the litigation is protracted and the claimant is insolvent, the plaintiff has no remedy whatever for the loss resulting to him from the rents being collected by a person who is not able to respond. We think that the right of the plaintiff in execution to a receiver in such cases is dependent, not upon the ability of the claimant to give the claim bond to answer for damages in the event the claim was filed for delay only, but upon the ability of the claimant to respond in an action for the rents, issues, and profits collected by him which in equity belonged to the plaintiff in execution." It is true that in that case the petitioner had a special lien upon the property involved. Likewise the petitioner in *Dixon* v. *Tucker,* 167 *Ga.* 783 (146 S. E. 736), had a special lien, and it was held that he was entitled to equitable relief; but it was further said: "In similar circumstances this principle is applicable when the judgment is not founded upon a secured debt, and where the judgment creditor has no lien except that created by his judgment. *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513). It will be noted that the principle announced is based upon the fact that the land claimed is not sufficient to pay the judgment, or that it is deteriorating in value, or that waste is being committed thereon." Both the claimant and the defendant in fi. fa. in the present case being insolvent, the appointment of a receiver to collect and hold, subject to the order of the court, rents and profits from the land involved was necessary to protect the interests of plaintiff. There being no other property which could be subjected to the plaintiff's judgment, it was in equity entitled to the rents and profits derived from the land involved; and since the insolvency of the claimant rendered her unable to account for the

rents and profits which she was seeking to obtain, the petitioner was entitled to have the claimant and her agents enjoined from interfering with the property, and to have a receiver appointed for the purpose of collecting the rent.

■ But it is strongly urged by the plaintiff in error that since the defendant in fi. fa. was not made a party to this action; and that since the petition was assailed by special demurrer upon this ground, and since the defendant was a necessary party, the judgment excepted to is invalid for want of necessary parties. A person without any interest in the subject-matter of an equity suit, and who can not be affected by the decree rendered therein, is neither a necessary nor proper party. *Beall* v. *Blake,* 16 *Ga.* 119 (4); *Westfall* v. *Scott,* 20 *Ga.* 233; *Lang* v. *Brown,* 29 *Ga.* 628. But all persons directly interested in the result and who will be affected by the decree are necessary parties. *Henderson* v. *Napier,* 107 *Ga.* 342 (33 S. E. 433); *Warren County Fertilizer Co.* v. *Reese,* 156 *Ga.* 824 (2) (120 S. E. 534). *Crawford* v. *Spurling,* 56 *Ga.* 611, was a case where the question of necessary parties was similar to that in the present case. There, after a judgment had been levied and a claim filed, the plaintiff in fi. fa. brought a suit in equity against the claimant, seeking injunction and a receiver, without making the defendant in fi. fa. a party; and it was held that the defendant in fi. fa. was a necessary party. We are requested by the defendant in error to review and overrule that decision; but after careful consideration of the ruling we decline the request. It did not appear there, and it does not appear here, that the defendant in fi. fa. had divested himself of all interest in the property levied upon as his. Until the property is finally sold under the judgment the owner and defendant in execution has such an interest therein as entitles him to the possession, custody, and control thereof and the collection of rents and profits therefrom, and in order to oust the defendant and collect the rents by the appointment of a receiver it is necessary that he be made a party to the proceeding.

But the lack of necessary parties in an equity suit is an amendable defect. It is provided in the Code, § 37-1005, that all necessary parties may be made at the beginning of the equitable proceedings, or "afterwards by amendment." This court is given power, under the Code, § 6-1610, to "award such order and direc-

tion to the cause in the court below as may be consistent with the law and justice of the case." It has been held that direction to amend by making necessary parties, or in other respects that may be consistent with law, may be given by this court. *Hart* v. *Respess,* supra; *Green* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692); *Milner* v. *Mutual Benefit Building Association,* 104 *Ga.* 101 (4) (30 S. E. 648); *Bunn* v. *England,* 122 *Ga.* 833 (2) (50 S. E. 914); *Fricker* v. *Americus Manufacturing &c. Co.,* 124 *Ga.* 165 (20) (52 S. E. 65); *Wright* v. *Hill,* 140 *Ga.* 554 (5) (79 S. E. 546). Accordingly, the judgment is affirmed, with direction that the defendant in fi. fa. be made a party in the manner provided by law for making parties.

■ It having been decided that the portion of the record comprising a brief of evidence was superfluous and unnecessary in this court, and this record having been certified and brought to this court on motion of the defendant in error, and the judgment of affirmance requires the plaintiff in error to pay the costs, it is directed that the costs of certifying and sending to this court a brief of evidence be paid by the defendant in error. *Georgia Cane Products Co.* v. *Corn Products Refining Co.,* 141 *Ga.* 40 (5) (80 S. E. 318); *Sikes* v. *Hurt,* 18 *Ga. App.* 197 (89 S. E. 181).

*Judgment affirmed, with direction. All the Justices concur.*