BANKERS LIFE & CASUALTY COMPANY *v.* CRAVEY,
Comptroller-General, etc.

No. 17864. ARGUED MAY 13, 1952—DECIDED JULY 15, 1952.

Alex McLennan and Brundage & Short, for plaintiff in error.
Eugene Cook, Attorney-General, M. H. Blackshear, B. D.
Murphy and Robert E. Hicks, contra.

DUCKWORTH, Chief Justice. This court has today dismissed
Case No. 17856, Cravey v. Bankers Life & Casualty Co., ante,
upon the ground that the question involved has become moot;
but the instant case, which is a contempt proceeding growing
out of a failure to obey the order there involved, can not be dis-
missed upon the ground that it has become moot. This court
has repeatedly held that one may be punished as for contempt
for refusal to obey the order of the court notwithstanding that
upon a review the order there disobeyed is, by the reviewing
court, reversed. See Russell v. Mohr-Weil Lumber Co., 102 Ga.
563 (29 S. E. 271); Dunn v. Harris, 144 Ga. 157 (86 S. E. 556);
Poss v. Norris, 197 Ga. 513 (29 S. E. 2d, 705); Corley v. Comp-
ton-Highland Mills, 201 Ga. 333 (39 S. E. 2d, 861); Pedigo v.
Celanese Corp. of America, 205 Ga. 392 (54 S. E. 2d, 252).

The judgment disobeyed in the present case is one command-
ing a public officer of this State to perform the official duty
which the court had found that that officer had refused to per-
form. The writ of mandamus is of common-law origin, and, in
the absence of constitutional or statutory restrictions, is deemed
to have vested in those American courts which are considered
to have succeeded to the general jurisdiction of the Court of
King's Bench. 34 Am. Jur. 816, § 16. But in this State juris-
diction of the superior courts to issue the writ of mandamus is
directly and expressly conferred by the Constitution. It is
provided in art. 6, sec. 4, par. 5 of the Constitution (Code, Ann.,
§ 2-3905), which confers jurisdiction upon superior courts, that
"said courts, and the judges thereof shall have power to issue
writs of mandamus, prohibition, scire facias, and all other writs
that may be necessary for carrying their powers fully into
effect." By this constitutional declaration relating to one of the
three co-ordinate branches of the State government, the sover-
eign people have clothed that branch of government with au-
thority to effectively discharge fully the duties laid upon it by
the Constitution and laws, and this power can not be restricted,

limited, or destroyed by legislative enactments. "The legislature can not lawfully interfere with the substance of the judicial power vested in the courts by the Constitution and, as a general rule, can not enlarge or abridge the constitutional authority conferred on courts to issue writs of mandamus." 34 Am. Jur. 816, § 16. Each department of the State government is, by the Constitution, independent of the other, but all three are devoted to the task of maintaining constitutional government under law. While, as ruled above, it would not be competent for the legislative department to enlarge or abridge judicial authority conferred by the Constitution, yet counsel for the defendant in error contend that, in virtue of certain legislative enactments, this defendant in error was authorized to disobey the command of the court without first securing from that court an order superseding that command, hence, was not subject to punishment for contempt for disobeying the court's order. However, we have been unable to find any legislative enactment which expressly or by implication seeks to abridge the authority of the judiciary in that respect or which affords any excuse for the failure to obey the order here involved. Counsel contend that the 1946 amendment of Code § 64-110, whereby the reference to injunction cases was stricken, renders the provisions of Code § 6-1002 applicable to the instant case. The section last referred to provides for the payment of costs and the filing of a bond with the clerk, obligating the plaintiff in error to pay the eventual condemnation money and all court costs, or, in leiu thereof, the filing of a pauper's affidavit, which shall serve as a supersedeas. A mere statement of what is there required to obtain a supersedeas refutes any idea that compliance therewith was intended to supersede the extraordinary writ of mandamus. It would be ridiculous for a bond in the present case to obligate this State official to pay the eventual condemnation money when, as a matter of fact, there can be no condemnation money whatsoever. The amendment of Code § 64-110 was obviously made for the sole purpose of accomplishing the abolition of a distinction between bills of exception, since by it fast bills of exception were abolished and the same type of bills of exception is required in all cases. Code (Ann. Supp.), § 6-903. It is significant that Code § 64-111 was left unchanged. That section declares:

"Mandamus cases shall be heard in the Supreme Court under the same laws and rules as apply to injunction cases." We then find in Code § 55-202 the law and rules that apply in injunction cases to writs of error to the Supreme Court to review the grant or refusal of an injunction. By the provisions of that section the trial judge whose ruling is sought to be reviewed is empowered to impose such terms and conditions as in his judgment are necessary to preserve and protect the rights of the parties until the Supreme Court can finally rule upon the question. It follows that the trial judge is vested with identical powers in respect to a review by the Supreme Court of his judgment in a mandamus case. It is the object of the law to avoid nullification of the judgment of the court in either case. See *Stokes* v. *Stokes*, 126 *Ga.* 804 (55 S. E. 1023) ; *Oliver* v. *Harrison*, 184 *Ga.* 454 (191 S. E. 693) ; *Pope* v. *U. S. Fidelity &c. Co.*, 193 *Ga.* 769 (20 S. E. 2d, 13).

A sound conclusion in the instant case requires a recognition of the following characteristics of the writ of mandamus: (1) it is an extraordinary remedy and is never available if there exists any other adequate remedy; (2) it will not issue against a public officer to compel the performance of official duty unless that duty is plain; and (3) it is, by its very nature, a solemn command from the judicial department and carries with it the authority vested in the court by the Constitution. Unless that command is obeyed promptly and completely, the object of the writ is defeated, the authority of the Judiciary is defied, and the power of the judge is discredited. Obviously therefore, a prerequisite to disobeying is an order of the court authorizing such disobedience and the court, in the full performance of its duties and in conformity with the legislative enactment, must embody in any order excusing obedience conditions and terms that will fully preserve and protect the rights of the parties involved. The importance of strict adherence to this principle is plainly illustrated by the facts in the present case. The writ here was sought for the purpose of compelling a State officer to perform an official duty that was essential to the preservation of the petitioner's property located in this State. That duty was the renewal of its insurance license for the year beginning July 1, 1951, and ending July 1, 1952. Failure to renew that license

rendered the petitioner unable to lawfully conduct its business in this State. The judgment commanding the defendant to renew the license was rendered March 7, 1952, and obedience to that order would have enabled the petitioner to lawfully conduct its business for the remainder of the year ending July 1, 1952. But the failure to obey that order prevented the petitioner from conducting its business throughout the remainder of that year, and this court is this day dismissing the writ of error seeking a review of that judgment upon the grounds that the time for which the license sought would be effective has expired, and the question is now moot. Thus the party seeking and obtaining the extraordinary writ of mandamus has been completely deprived of the benefit of that writ although it issued in conformity with the prayer therefor and in time to have afforded some relief to the petitioner, since the failure to obey the court order has completely nullified it.

However, in view of the condition of the law relating to supersedeas, which causes good lawyers to differ and even the trial judge to erroneously construe it, we will not reverse the judgment excepted to because the defendant in the circumstances is not shown to have wilfully defied it.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*